OPINION
 I {¶ 1} Defendant-Appellant Jak Morgan appeals his conviction for one count of possession of crack cocaine.
 {¶ 2} On the morning of January 4, 2005 Dayton Police Detective Michael Baker heard a dispatch concerning a stolen vehicle that was sighted. Baker went to the reported location and saw the vehicle. He ran the plate and confirmed that the car was reported stolen. Baker requested additional officers to the area.
 {¶ 3} The car was parked, with a female sitting in the passenger seat. The officers removed the woman from the car and seated her in a cruiser where they determined that she had outstanding warrants for her arrest. The woman described the man who had been driving the car and stated that he would be right back. The officers searched the car and found no contraband or obvious signs that the car had been stolen. They removed the keys from the ignition and concealed themselves near the car.
 {¶ 4} Several minutes later, officers saw a man meeting the description provided by the woman approaching the car. The man returned to the car and went to the driver's seat, and the officers ran to the vehicle. The man, later identified as Jak Morgan, started to get out of the car and was seized by police and handcuffed.
 {¶ 5} In the few seconds that Morgan was in the car as the officers approached, Officer Geiger saw Morgan lean forward and to the left. After Morgan was removed from the car, it was searched again, and Officer Morrison found a baggie of what was later identified as crack cocaine in plain view on the floor of the vehicle.
 {¶ 6} Morgan was put in the back of Officer Hierber's cruiser and transported to the Safety Building. Once there Detective Blackwell advised Morgan of his rights, and Morgan agreed to waive those rights and to talk with the police. As a result of that conversation, Officer Hierber drove Morgan to a location where Morgan made a phone call and arranged to meet another individual, whom Morgan claimed to have set him up for being caught in a stolen car. During that time, Morgan continued to make incriminating statements to Officer Hierber.
 {¶ 7} Morgan was indicted on one count of possession of crack cocaine. Morgan filed a motion to suppress, which was granted in part and overruled in part. A jury found Morgan guilty, and the trial court sentenced him to a two-year prison term. Morgan filed a timely notice of appeal.
 II {¶ 8} Morgan's first assignment of error:
 {¶ 9} "Appellant established standing to assert his constitutionally protected expectation of privacy rendering the State's entry and search of the vehicle and seizure of the appellant unlawful."
 {¶ 10} In his first assignment of error, Morgan claims that the trial court erred in denying his motion to suppress evidence seized during a search of the car that he was driving. Specifically, Morgan insists that he presented sufficient evidence that he had permission to use the vehicle and that the State failed to offer evidence that the car had actually been stolen. We disagree.
 {¶ 11} A defendant who challenges a search bears the burden of establishing standing. Rawlings v. Kentucky (1980),448 U.S. 98, 100 S.Ct. 2556. "A car thief has no legitimate expectation of privacy in a stolen car and therefore lacks standing to challenge its search." State v. Otte (1996), 74 Ohio St.3d 555, 559,660 N.E.2d 711, citing Rakas v. Illinois (1978), 439 U.S. 128, 134,99 S.Ct. 421. Moreover, mere possession of a vehicle does not create standing. State v. Rideau (Feb. 26, 1999), Montgomery App. No. 17002.
 {¶ 12} In this case the State presented the testimony of several officers that the car had been reported stolen. In fact, the officers ran the license plate to confirm that report before approaching the car for the first time. Morgan summarily claimed that he had permission to use the car. We agree with the trial court that Morgan's cursory testimony about how he came to be driving the car was insufficient to create standing. Accordingly, the trial court did not err in overruling Morgan's motion to suppress, and his first assignment of error will be overruled.
 III {¶ 13} Morgan's second assignment of error:
 {¶ 14} "Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."
 {¶ 15} In his second assignment of error, Morgan alleges that he was not provided with effective trial counsel because the trial court failed to grant a continuance for his newly retained counsel to adequately prepare for trial. However, Morgan fails to point to any specific way in which either his retained or his appointed counsel was ineffective. Accordingly, we cannot conclude that Morgan did not have the effective assistance of trial counsel.
 {¶ 16} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time.State v. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 17} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 18} "[A] criminal defendant's Sixth Amendment Right to competent counsel does not extend to a right to counsel of defendant's choice." State v. McCoy, Greene App. No. 2003-CA-27, 2004-Ohio-266, citing Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93, 209 N.E.2d 204. Additionally, although a trial court may not arbitrarily or unreasonably interfere with a defendant's right to be represented by an attorney that he has selected, the grant or denial of a continuance is a matter entrusted to the sound discretion of the trial court. State v.Miller, Montgomery App. No. 20513, 2005-Ohio-4203.
 {¶ 19} When Morgan asked on the morning of trial for a continuance because he had just retained counsel two days earlier, the trial court denied the motion. However, the court did allow both Morgan's appointed counsel and his retained counsel to try the case together. The record shows that both attorneys were well-prepared for the trial. They effectively cross-examined the State's witnesses, and they arranged for a witness to testify on Morgan's behalf. Morgan fails to explain how either counsels' performance fell below an objective standard of reasonableness or how his defense was prejudiced by their representation.
 {¶ 20} Because the record shows that neither attorney violated any essential duty to Morgan, he was not denied the effective assistance of trial counsel, and his second assignment of error will be overruled.
 IV {¶ 21} Morgan's third assignment of error:
 {¶ 22} "The trial court erred in finding Appellant guilty, as the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence."
 {¶ 23} In his third assignment of error Morgan contests his conviction on both manifest weight and sufficiency grounds. Specifically, Morgan claims that the State failed to prove that he "knowingly possessed" the cocaine. Because the record shows that the trier of fact properly executed its fact-finding responsibilities and rendered an appropriate verdict in light of the evidence presented at trial, we overrule Morgan's third assignment of error.
 {¶ 24} As we discussed at length in State v. Hufnagel
(Sept. 6, 1996), Montgomery App. No. 15563, two distinct standards apply to manifest weight and sufficiency of the evidence claims. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." In contrast, when reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." Thompkins, supra, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 25} Morgan insists that the forensic chemist's conclusions were flawed because she failed to separately test both chunks of cocaine found in the bag. The chemist explained that the two chunks were the same color and consistency and represented one sample, so she only needed to test one portion of the sample. Morgan did not offer any evidence to the contrary. Therefore, the jury did not lose its way in choosing to believe the chemist's testimony.
 {¶ 26} Furthermore, the State offered evidence that the car was searched after the woman was removed, but no contraband was found. After Morgan briefly entered the car, he was seen leaning down and to the left. When he exited the car, the cocaine was seen in plain view on the floor between the driver's seat and door, precisely the area in which Morgan was seen leaning. Moreover, Morgan made incriminating statements to both Detective Blackwell and to Officer Heirber. This evidence was sufficient to warrant allowing the case to go to the jury, and the jury was justified in inferring that Morgan had knowingly possessed the cocaine based on the totality of the testimony.
 {¶ 27} Therefore, Morgan's conviction was supported by sufficient evidence, and it was not against the manifest weight of the evidence. Morgan's third assignment of error will be overruled.
 V {¶ 28} Having overruled all three of Morgan's assignments of error, the trial court's judgment will be affirmed.
 . . . . . . . . . . .
Brogan, J., and Wolff, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).