OPINION
{¶ 1} Defendant, Darrius Metcalf, appeals from a judgment of the court of common pleas dismissing his R.C. 2953.21 petition for post-conviction relief, without a hearing.
 {¶ 2} As a result of a negotiated plea agreement, Defendant entered pleas of guilty to one count of grand theft, *Page 2 
R.C. 2913.02(A)(1), two counts of aggravated robbery, R.C. 2911.01(A)(1), each with a firearm specification per R.C. 2941.145, one count of felonious assault, R.C. 2903.11(A)(2), with a firearm specification, one count of murder, R.C. 2903.02(B), with a firearm specification, one count of tampering with evidence, R.C. 2921.12(A)(1), and one count of having weapons while under a disability, R.C. 2923.13(A)(3). In exchange, the parties agreed that Defendant would be sentenced to a total aggregate sentence of twenty-one or twenty-two years to life, at least eighteen of which would be mandatory time.
 {¶ 3} After meticulously complying with the requirements in Crim. R. 11(C)(2), the trial court accepted Defendant's guilty pleas. The court sentenced Defendant to twenty-two years (twenty-one of which is mandatory time) to life. Defendant did not prosecute a direct appeal from his conviction and sentence.
 {¶ 4} On May 10, 2007, Defendant timely filed a petition for post-conviction relief pursuant to R.C. 2953.21. Defendant's petition was supported only by his own affidavit. As grounds for relief, Defendant claimed (1) that he was deprived of the effective assistance of counsel at trial, and (2) that he was denied his right to compulsory process. On *Page 3 
June 8, 2007, the State filed a motion to dismiss and/or for summary judgment. On July 19, 2007, the trial court granted the State's motion for summary judgment and dismissed Defendant's post conviction petition without a hearing.
 {¶ 5} Defendant appealed to this court from the trial court's dismissal of his post-conviction petition.
 {¶ 6} In State v. Isham (Aug. 23, 1995), Montgomery App. No. 15136, this court stated:
 {¶ 7} "The postconviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing. R.C. 2953.21(A). `[T]he petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing.' State v. Hamilton (Dec. 29, 1993), Clark App. No. 3015, unreported, citing State v. Kapper
(1983), 5 Ohio St.3d 36, certiorari denied (1983), 464 U.S. 856. Before it may set a hearing, the trial court must perform an initial review:
 {¶ 8} "Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the *Page 4 
files and records pertaining to the proceedings against the petitioner, including, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 9} We emphasized in State v. Howe (Jan. 24, 1996), Montgomery App. Nos. 13969, 15139, that a post-conviction petitioner is not automatically entitled to a hearing:
 {¶ 10} "A hearing is not automatically required when a Petition for Post-Conviction Relief is filed. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits and the files and records of the case. State v. Strutton (1988), 62 Ohio App.3d 248."
 {¶ 11} Furthermore, "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing. A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which are legally insufficient to rebut the record on review." State v. Snyder (Aug 13, 2004), Clark App. No. 03CA0067; State v. Pankey *Page 5 
(1981), 68 Ohio St.2d 58; Kapper, supra.
 FIRST ASSIGNMENT OF ERROR
 {¶ 12} "APPELLANT METCALF WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 13} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 14} In State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, the Supreme Court stated:
 {¶ 15} "[5] [6] Postconviction relief is a remedy sought by a defendant who has either been tried and found guilty beyond a reasonable doubt, or who has pled guilty and has been convicted. In the interest of judicial economy and efficiency, we have held that it is not unreasonable to require the *Page 6 
defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. SeeState v. Jackson (1980), 64 Ohio St.2d 107, 112, 18 O.O.3d 348, 351, 413
N.E.2d 819, 823. Therefore, before a hearing is granted, `the petitioner bears the initial burden to submit evidentiary documents containingsufficient operative facts to demonstrate the lack of competent counseland that the defense was prejudiced by counsel's ineffectiveness.' (Emphasis added.) Id. at syllabus."
 {¶ 16} Furthermore, broad conclusory statements that counsel was ineffective are insufficient to warrant a hearing. Pankey.
 {¶ 17} Defendant argues that his counsel failed to pursue an adequate investigation of this case and the facts. The trial court found that this claim is refuted by the record, which demonstrates that, pursuant to defense counsel's motion, the trial court appointed an independent investigator to assist the defense. The court authorized that defense investigator to meet with Defendant in the jail. Defendant also argues that counsel failed to seek pretrial discovery. The trial court likewise found that this claim is refuted by the record, which demonstrates that defense counsel received the prosecutor's information packet, which includes not only *Page 7 
the discovery required by Crim. R. 16 but also police reports and witness statements per local court rule. Defendant does not explain how those findings are an abuse of discretion.
 {¶ 18} Defendant further claims that counsel failed to object to duplicitous counts in the indictment. This allegation is unsupported by any evidence or law that demonstrates that any of the seven charges in the indictment should have merged, other than the firearm specifications which the trial court did in fact merge at sentencing.
 {¶ 19} Defendant additionally claims that counsel failed to subpoena defense witnesses. However, counsel had no duty to do so as this case was disposed of by Defendant's guilty pleas. In any event, Defendant does not identify the defense witnesses he claims should have been subpoenaed, except for Paris Boyd, much less the substance of their anticipated testimony. With respect to Boyd, Defendant has presented no evidentiary material demonstrating the substance of that witness's anticipated testimony or whether that witness would even support Defendant's self-defense claim.
 {¶ 20} Defendant argues that his counsel failed to file a motion to obtain exculpatory evidence. Defendant fails to identity what exculpatory evidence he would have received had such a motion been filed. More importantly, the State has a *Page 8 
continuing duty under Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215, to disclose exculpatory evidence to the defense, and defense counsel is not required to file a motion to trigger this continuing duty of the State. Defendant also argues that his counsel failed to file a motion for a private investigator. That claim is patently false and belied by the record, which demonstrates that the court appointed an independent investigator to assist the defense at defense counsel's request.
 {¶ 21} Defendant claims that his counsel failed to interview eyewitnesses whose testimony would have supported his self-defense claim that he was the victim of a home invasion which resulted in the events leading to his conviction. This claim is not supported by any evidentiary material from a witness with personal knowledge whose testimony would exonerate Defendant. In that regard, Defendant does not identify the eyewitness he claims would have been favorable to him, except Paris Boyd, nor does he submit any evidentiary documents containing the substance of their anticipated testimony, much less demonstrate that their testimony would support his self-defense claim and exonerate him.
 {¶ 22} Defendant further claims that his counsel was *Page 9 
predisposed to negotiate guilty pleas. Defendant told the trial court during the plea hearing that his counsel had discussed with him the pros and cons, the advantages and disadvantages, of going to trial versus entering into plea negotiations. Defendant was free to reject any recommendation counsel made in connection with those matters.
 {¶ 23} Defendant claims that his counsel failed to advance the theory of self-defense. That allegation is not supported by evidentiary documents containing operative facts that demonstrate that counsel failed to consider and investigate that defense, or that the defense of self-defense was even available to Defendant and supportable on these existing facts. Furthermore, Defendant's claim of self-defense is inconsistent with both the effect of his guilty pleas and his expression of remorse at sentencing.
 {¶ 24} Finally, Defendant claims that he was coerced into pleading guilty by his counsel, and that as a result of her deficient performance he had no recourse but to plead guilty. This allegation is belied by the record, which demonstrates that Defendant told the trial court during the plea hearing that no one, including his counsel, was forcing or pressuring him to enter a guilty plea, that he was fully satisfied with his counsel's representation, and that he was entering his *Page 10 
pleas freely and voluntarily.
 {¶ 25} Defendant's claim for relief based upon incompetence of his trial counsel is belied by the record and unsupported by any evidentiary documents or operative facts other than Defendant's own self-serving statements in his petition and affidavit which are legally insufficient to rebut the record. Kapper. Under those circumstances, Defendant failed to demonstrate substantive grounds for relief that would warrant a hearing. We further note that defense counsel began working on this case prior to Defendant's indictment and brokered a deal that reduced Defendant's potential prison time from fifty-eight years down to the twenty-two years the court imposed. Counsel's efforts, which produced a real and tangible benefit for Defendant, demonstrate that she was an active, effective advocate for Defendant.
SECOND ASSIGNMENT OF ERROR
 {¶ 26} "APPELLANT METCALF WAS DENIED A FAIR TRIAL IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION, WHERE HE WAS DENIED A FULL AND FAIR DISCOVERY OF EXCULPATORY EVIDENCE IN VIOLATION OF BRADY."
 {¶ 27} Defendant argues that his right to a fair trial was violated by the State's failure to turn over to the defense exculpatory evidence in violation of Brady v. Maryland, supra. *Page 11 
 {¶ 28} Defendant did not include this claim in his post-conviction petition as grounds for relief. Accordingly, the trial court did not consider or pass upon this claim, and the issue is not properly before this court because it cannot be presented for the first time on appeal.State v. McDowell, Montgomery App. No. 21156, 2006-Ohio-2643. Furthermore, this claim is unsupported by any operative facts or evidentiary documents other than Defendant's own self-serving statements.
 {¶ 29} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 30} "APPELLANT METCALF WAS DENIED HIS FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS RIGHT TO DUE PROCESS AND EQUAL PROTECTION, WHERE HE WAS DENIED RIGHT TO FAIR TRIAL AS THE RESULT OF THE DENIAL OF COMPULSORY PROCESS AND CONFRONTATION."
 {¶ 31} Defendant argues that he was denied his rights to compulsory process and to confront the witnesses against him as a result of the State's failure to disclose exculpatory evidence, and his counsel's deficient performance in failing to impeach the State's key witness, and failing to investigate and subpoena defense witnesses who would support Defendant's claim of self-defense.
 {¶ 32} Defendant pled guilty to these offenses, and in so doing he acknowledged that by his pleas he was giving up various constitutional rights, including his rights to *Page 12 
confrontation and compulsory process. Furthermore, Defendant has failed to submit any evidentiary documents or operative facts, other than his own self-serving statements, that identify the defense witnesses he claims should have been subpoenaed, other than Paris Boyd, or relate the substance of their anticipated testimony. As for Boyd, Defendant presented no affidavit from Boyd demonstrating what testimony Boyd could offer in support of Defendant's self-defense claim. Defendant's claims for relief based upon a denial of his confrontation and compulsory process rights are unsupported by any operative facts or evidence other than Defendant's own self-serving statements. Under those circumstances, Defendant has failed to demonstrate substantive grounds for relief that would warrant a hearing.
 {¶ 33} Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 34} "APPELLANT METCALF WAS DENIED DUE PROCESS AND EQUAL PROTECTION, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, WHERE HIS COERCED PLEA OF GUILTY WAS NOT MADE KNOWINGLY, INTELLIGENTLY, NOR VOLUNTARILY, IN VIOLATION OF THE STATE CREATED LIBERTY INTEREST OF CRIMINAL RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 35} Defendant argues that he was coerced by his *Page 13 
counsel's deficient performance into entering guilty pleas and therefore his pleas were not knowing, intelligent and voluntary. We previously addressed this same argument in the context of Defendant's incompetent counsel claim in the first assignment of error and concluded it lacked merit.
 {¶ 36} This allegation is furthermore refuted by the record, which demonstrates that the trial court meticulously complied with the requirements in Crim. R. 11(C)(2) in accepting Defendant's guilty pleas, and that Defendant told the trial court during the plea hearing that he had discussed with his counsel the advantages and disadvantages of going to trial versus entering guilty pleas, that no one including his counsel was forcing or pressuring him to plead guilty, that he was completely satisfied with counsel's representation, and that he was entering his guilty pleas freely and voluntarily. This claim is unsupported by any evidence or operative facts other than Defendant's own self-serving statements, and therefore fails to demonstrate substantive grounds for relief warranting a hearing.
 {¶ 37} Defendant's fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 {¶ 38} "APPELLANT METCALF WAS DENIED DUE PROCESS AND EQUAL PROTECTION, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, *Page 14 
WHERE THE TRIAL COURT IMPOSED MAXIMUM CONVICTIONS AND SENTENCES BASED UPON ILLEGAL JUDICIAL FACT FINDING, AND THEREBY FAILED TO PROVIDE FAIR NOTICE OF THE CHARGES AND PENALTY FACED AND THAT SAID MAXIMUM CONVICTIONS AND SENTENCES HAD TO BE PROVED TO A JURY BEYOND A REASONABLE DOUBT."
 {¶ 39} Defendant argues that the sentence imposed upon him by the trial court violated his Sixth Amendment right to jury trial perBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Defendant failed to raise this claim in the trial court in his petition for post-conviction relief, or at the time of sentencing for that matter, and therefore he has waived/forfeited the claim.McDowell; State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. Furthermore, because this claim clearly could have been raised on direct appeal from Defendant's conviction, res judicata bars this claim as a ground for post-conviction relief. State v. Steffen, 70 Ohio St.3d 399,1994-Ohio-111; State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 40} Defendant's fifth assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 {¶ 41} "APPELLANT METCALF WAS DENIED DUE PROCESS AND EQUAL PROTECTION, AS GUARANTEED BY THE UNITED STATES CONSTITUTION WHERE THE STATE CREATED LIBERTY INTEREST MANDATED BY OHIO'S *Page 15 
POST CONVICTION RULES OF PROCEDURE WERE DENIED APPELLANT."
 {¶ 42} Defendant argues that the dismissal of his petition for post-conviction relief without a hearing violated his constitutional rights. Post conviction state collateral review, however, is not a constitutional right. State v. Steffen, supra, at 410. Furthermore, as we have emphasized in overruling the previous assignments of error, a hearing is not required where Defendant's claims for relief in his petition are refuted by the record and are not supported by substantive evidence or operative facts other than Defendant's own self-serving statements in his petition and affidavit, which are legally insufficient to rebut the record. Snyder; Kapper, Pankey.
 {¶ 43} Defendant's sixth assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1