OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of George Moore, filed October 24, 2007. On January 3, 2006, Moore was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification and a repeat violent offender specification; one count of failure to comply with an order or signal of a police officer, in *Page 2 
violation of R.C. 2921.331(B), with a firearm specification; and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2). Moore pled not guilty and then withdrew his pleas and pled guilty to aggravated robbery with a firearm specification, a felony of the first degree. The remaining charges against him were dropped. On July 20, 2006, Moore was sentenced to eight years on the aggravated robbery offense with an additional three years on the firearm specification, to be served consecutively, for a total of 11 years.
 {¶ 2} Moore did not file a direct appeal but instead filed several pro se motions in the trial court as follows: On November 7, 2006, Moore filed, without any evidence supporting his claims, a Petition to Vacate or Set Aside Judgment of Conviction or Sentence, pursuant to R.C. 2953.21, arguing that he was denied his right to a speedy trial and that he was questioned and subjected to cruel and unusual punishment after invoking his Miranda rights, along with a Motion for Appointment of Counsel and a Motion for Expert Assistance. On December 6, 2006, Moore filed a Motion to Amend Post Conviction Petition, asserting ineffective assistance of counsel.
 {¶ 3} On September 14, 2007, the trial court, without a hearing, issued a "Decision, Entry Order Overruling Petitioner's Motion for Post-Conviction Relief and Motions for the Appointment of Counsel and Expert Assistance."
 {¶ 4} The State initially asserts that Moore's appeal is untimely and subject to dismissal. Moore's October 24 Notice of Appeal was filed 40 days after the trial court's decision. Pursuant to App. R. 4, "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three *Page 3 
day period in Rule 58(B) of the Ohio Rules of Civil Procedure." "`Post-conviction petitions are not appeals, they are instead a collateral civil attack on the judgment.'" State v. Wilson, Montgomery App. No. 21738, 2008-Ohio-4885, ¶ 8. Civ. R. 58(B) provides, "* * * Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." The record reveals the trial court failed to place an entry on its appearance docket noting service of the judgment, and the failure to comply with Civ. R. 58(B) tolls the time for filing the appeal. In re J.F., Montgomery App. Nos. 22181, 22441,2008-Ohio-4325.
 {¶ 5} Moore asserts three assignments of error, which we will address together. They are as follows:
 {¶ 6} "PETITIONER CLAIMS THAT HE WAS DENIED A `QUICK AND SPEEDY TRIAL' GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND AS REQUIRED BY O.R.C. 2945.71(E) AND OHIO CRIM. PRAC. AND PRO. ¶ 18.101. PETITIONER CONTENDS THAT THE STATE SHOULD HAVE BROUGHT HIM TO TRIAL WITHIN THE NINETY DAY PERIOD SET BY O.R.C. 2945.71(E) AND AS OF THE NINETY FIRST DAY THE INDICTMENT (06-CR-0006) SHOULD HAVE BEEN DISMISSED." And,
 {¶ 7} "THE PETITIONER HAS CONTENDED THAT HE WAS QUESTIONED AND PHYSICALLY AND MEDICALLY ABUSED AFTER INVOKING HIS MIRANDA *Page 4 
RIGHT." And,
 {¶ 8} "PETITIONER CONTENDS THAT * * * THE COURT APPOINTED COUNSEL WAS AN ATTORNEY IN NAME ONLY AND HIS REPRESENTATION WAS THE SAME AS HAVE (sic) NO COUNSEL AT ALL. THE CONSTITUTION OF THE UNITED STATES NOT ONLY GRANTS THE RIGHT TO COUNSEL IT REQUIRES THE RIGHT TO A REASONABLY EFFECTIVE COUNSEL."
 {¶ 9} Moore's speedy trial arguments are unpersuasive for two reasons. First, "[a]ny claim for relief based directly upon Speedy Trial grounds is barred by [Moore's] guilty plea, since a plea of guilty effectively waives any defenses that could have been raised at, or prior to, trial."State v. Hurt (May 3, 1996), Miami App. No. 95-CA-43. Second, as the trial court noted, the doctrine of res judicata barred Moore from asserting a violation of his speedy trial rights since Moore could have raised the issue in a direct appeal. State v. Perry (1967), 10 Ohio St.2d 175,180, 226 N.E.2d 104 ("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating, in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment"); SeeState v. Metcalf, Montgomery App. No. 22367, 2008-Ohio-4535.
 {¶ 10} Moore's arguments regarding abuse suffered after invoking his Miranda rights are similarly unpersuasive. Moore did not meet his R.C. 2953.21 burden "`of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim" of abuse or of aMiranda violation. Metcalf, ¶ 7; R.C. 2953.21. These arguments are also barred by the *Page 5 
doctrine of res judicata.
 {¶ 11} Moore's ineffective assistance of counsel argument must also fail. Moore did not provide any cogent evidence of "a substantial violation of an essential duty owed by the defense counsel" to Moore such that he was prejudiced by the violation. State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452; R.C. 2953.21.
 {¶ 12} We note that the trial court erred in determining that Moore's claim of ineffective assistance of counsel was barred by the doctrine of res judicata. Cooperrider; State v. Petrey (June 26, 1998), Montgomery App. No. 16712 (res judicata "does not bar a claim of ineffective assistance of trial counsel as grounds for post-conviction relief when no direct appeal is taken from the conviction"). The error is harmless however, since Moore "failed to satisfy a substantive requirement of R.C. 2953.21, that his petition demonstrate substantive grounds for relief on which a hearing is required." Petrey.
 {¶ 13} Moore's arguments are overruled, and the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Amy M. Smith
George Moore
 Hon. Richard J. O'Neill *Page 1