JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Joseph Zuranski, was sentenced to life in prison in 1985 relative to a conviction for murder and robbery. He had initially received the death penalty but, upon a successful appeal, his sentence was reduced to life in prison with eligibility for parole after 30 years.[1] Part of appellant's sentence was to pay court costs in the amount of $2,231.07, which was not satisfied due to his indigency status at the time of sentencing.
 {¶ 2} During his incarceration at the Lucasville Correctional Institution, appellant was awarded a settlement as part of a class action lawsuit against the State of Ohio. When apprised of this award in 1999, the trial court notified appellant, pursuant to statute, that the judgment for court costs would be revived.
 {¶ 3} Upon learning that he would be subject to collection of court costs, appellant filed a plethora of motions seeking to escape his obligation to pay. On January 19, 2000, he filed a motion for relief from judgment, which was denied on January 27, 2000. The trial court ordered on February 15, 2000 that a non-oral hearing be held on the issue of revival of the judgment for court costs. Appellant was ordered to file in writing any and all objections or evidentiary material. In response, he filed, pro se, on March 7, 2000 a "cease and desist order and objection to the revival of court cost" (sic). The court heard the matter on March 31, 2000 and ruled, on June 19, 2000, that appellant failed to show cause why the judgment should not be revived and that the order would be enforced against the funds awarded to appellant by the state. Prison authorities eventually deducted the monies from appellant's prison account and forwarded payment to the trial court.
 {¶ 4} Appellant took no further action until December 15, 2000 when he filed a motion for "nunc pro tunc judgment entry" seeking to have the court costs waived based on his indigency status, which was denied by the trial court on February 21, 2001. An appeal of that decision was dismissed as untimely on April 12, 2001 in Cuyahoga App. No. 79245. The Supreme Court of Ohio declined to hear the case on October 16, 2001.State v. Zuranski (2001), 93 Ohio St.3d 1427, 755 N.E.2d 351.
 {¶ 5} On January 23, 2004, appellant filed a motion seeking a hearing to determine whether he has the ability to pay fines, pursuant to R.C.2929.18(E), including a request for an injunction. On March 4, 2004, appellant filed a motion captioned "Replevin Motion for the Return of Personal Property Pursuant to 2737.03 (Evidentiary Hearing Requested if Needed)." Appellant then filed a motion for summary judgment with supporting affidavit on June 24, 2004. The trial court denied appellant's motion for summary judgment on July 26, 2004. This appeal follows.
 {¶ 6} Appellant presents four assignments of error, all dealing with the trial court's denial of his "motion for summary judgment." "Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. FirstNational Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210. However, given appellant's status as a pro se litigant and the length of time this case has gone on, we will treat appellant's improperly filed "summary judgment" motion as a motion to resolve all outstanding claims pertinent to this case. We will, therefore, for clarity, address appellant's assignments of error together.[2]
 {¶ 7} In general, a declaration of indigency for purposes of a criminal proceeding will not operate as a shield against the collection of court-imposed costs, even where the judgment imposing court costs become dormant. State ex rel. Perotti v. McMonagle, (Oct. 5, 2000), Cuyahoga App. No. 7829. R.C. 2325.17 provides that a judgment debtor is entitled to notice and a hearing, at which the debtor would be provided an opportunity to show cause why the judgment should not be revived. Any challenge(s) to the revival of a dormant judgment, such as the expiration of the limitation period pursuant to R.C. 2325.18, may be made on appeal or, if appropriate, through a Civ.R. 60(B) motion for relief from judgment. Id., see State v. Graewe (Aug. 14, 2000), Cuyahoga App. No. 77545; State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393.
 {¶ 8} Appellant was previously afforded his notice and hearing rights upon the revival of the court costs judgment and failed to appeal the court's order reviving that judgment. Appellant once again seeks to escape payment of those court costs by attempting to initiate a replevin action, and he argues that the trial court erred in denying his "motion for summary judgment" relative to his "motion for replevin" filing.
 {¶ 9} A valid, final judgment rendered upon the merits of a case bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Manohar v. Massillon Community Hospital (1997),122 Ohio App.3d 715, 718, quoting Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. The doctrine also bars the relitigation of issues that were raised on appeal or could have been raised on appeal.State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
 {¶ 10} Appellant contested the imposition of court costs neither on direct appeal nor upon the trial court's June 19, 2000 order reviving that judgment. Moreover, the judgment has been at least partially satisfied by the payments forwarded to the court on behalf of appellant by prison officials. Therefore, his claims pertinent to the current "replevin" motion are clearly barred by res judicata, and his assignments of error lack merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Corrigan, J., concur.
 APPENDIX A
Appellant's four assignments of error:
I. "The trial court abused its discretion when it did not examine the evidence stipulated by the appellant within his summary judgment pleadings, and assertion what material facts are actually, and in good faith controverted and ascertain what material facts exist without controversy pursuant to: CIV.R. 56(D) In violation of the appellant's 14th amendment right to due process of law under the united states constitution."
II. "The trial court abused its discretion when it failed to make an order specifying the facts that are without controversy, and the extent to which the amount of damages or other relief is not in controversy, and direct such further proceedings, in the appellant's, summary judgment action as would be just, infringing upon the appellant's article 1, § 16, Rights to due course of law and to have justice administered without denial or delay under the ohio constitution."
III. "The trial court abused its discretion when it refused to make a fair and impartial determination on the merits of the issues appellant presented within his summary judgment motion, as ohio law construes pursuant to: Civil Rule 56(c), in violation of appellant's 14th amendment right to due process of law under the United States constitution."
IV. "The trial court abused its discretion by refusing to properly address All Factors appellant brought forth before the court unbiased, in violation of appellant's procedural due process of law rights under the14th amendment of the united states constitution in which prejudice the appellant, depriving the appellant of his guaranteed constitutional right to substantive due process of law."
[1] See State v. Zuranski (Dec. 11, 1986), Cuyahoga App. No. 50447.
[2] Appellant's four assignments of error are included in Appendix A of this Opinion.