[Cite as *State v. Everett*, 2022-Ohio-3804.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220132 |
| | | TRIAL NO. B-1203778 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BRIAN EVERETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  October 26, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian Everett*, pro se.

**WINKLER, Judge**.

{¶1} Defendant-appellant Brian Everett appeals the Hamilton County Common Pleas Court's judgment denying his "Motion to Vacate Verdict and Sentence." For the following reasons, we affirm the common pleas court's judgment as modified to reflect a dismissal—rather than a denial—of Everett's "Motion to Vacate Verdict and Sentence."

{¶2} Everett stabbed to death his friend and her 12-year-old daughter, Stephanie. Although he claimed self-defense, Everett was convicted upon jury verdicts of two counts of murder and tampering with evidence. We affirmed his convictions and sentences on direct appeal. *State v. Everett*, 1st Dist. Hamilton No. C-140275, 2015-Ohio-5273, *appeal not accepted*, 145 Ohio St.3d 1446, 2016-Ohio-1596, 48 N.E.3d 584. With respect to Everett's offenses against Stephanie, Everett was charged with aggravated murder in count one and felony murder in count two. The jury acquitted Everett of aggravated murder but found him guilty of voluntary manslaughter in count one and guilty of felony murder in count two. At sentencing, the trial court merged counts one and two and sentenced Everett to 15 years to life for the felony murder of Stephanie. In his direct appeal, we determined that the jury verdicts with respect to Stephanie were not inconsistent. *Id.* at ¶ 21.

{¶3} In 2018 and 2020, Everett filed postconviction motions challenging his conviction for the felony murder of Stephanie, arguing that the trial court should have sentenced him for voluntary manslaughter and not felony murder. The common pleas court denied these motions, and Everett did not appeal. In his most recent motion filed with the common pleas court in October 2021, Everett sought to vacate his conviction and sentence for the felony murder of Stephanie and replace it with a conviction and sentence for voluntary manslaughter. In support, Everett argues that his conviction for felony murder violates due process and his constitutional right to a fair trial where, among other things, his conviction is based on a defective verdict, the

felony-murder statute is ambiguous and violates the rule of lenity, and voluntary manslaughter is a lesser-included offense of felony murder. The common pleas court denied his motion.

{¶4} Everett now appeals, raising seven assignments of error. We consider his assignments out of order for ease of discussion.

{¶5} The third, fourth, fifth, and sixth assignments of error can reasonably be read together to assert that the common pleas court erred by denying the motion to vacate. Under these assignments, Everett essentially raises the same arguments as in his underlying motion. We address the assignments of error together, and we overrule them upon our determination that the common pleas court had no jurisdiction to grant that relief.

{¶6} While Everett did not cite to R.C. 2953.21 in his motion to vacate, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence [or conviction] on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 113 (1997). Pursuant to R.C. 2953.21(A)(2), a defendant must file a postconviction-relief petition within 365 days from the filing of the trial transcripts in his or her direct appeal of the conviction.

{¶7} Here, Everett filed the trial transcripts in his direct appeal on October 14, 2014. Thus, Everett's postconviction petition, filed in October 2021, was filed well outside the time prescribed by R.C. 2953.21(A)(2). A common pleas court, however, may entertain a late postconviction petition if the petition satisfies the jurisdictional requirements of R.C. 2953.23. The petitioner must show either that the petitioner was unavoidably prevented from discovering the facts upon which the postconviction

claims depend, or that the postconviction claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the petition had expired. R.C. 2953.23(A)(1)(a). And the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶8} R.C. 2953.23 did not confer upon the common pleas court jurisdiction to entertain Everett's late postconviction claims. Everett does not claim, nor can he demonstrate, that his postconviction claims rely upon recently discovered facts or that his claims are based on a new right recognized by the United States Supreme Court. Further, he cannot show, despite any alleged errors, that no reasonable factfinder would have found him guilty of the charged offenses. Accordingly, he has not demonstrated that the common pleas court had jurisdiction to consider his postconviction petition. Because the common pleas court lacked jurisdiction to consider Everett's petition, it should have dismissed it, not denied it. Accordingly, we modify the common pleas court's judgment to reflect a dismissal of Everett's petition.

{¶9} In his first and second assignments of error, Everett maintains that the common pleas court erred by failing to issue findings of fact and conclusions of law to support its judgment. We overrule these assignments of error because a common pleas court is not required to issue findings of fact and conclusions of law when a petition for postconviction relief is filed outside the time prescribed in R.C. 2953.21(A). *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6.

{¶10} In his seventh and final assignment, Everett, citing Crim.R. 49, Civ.R. 58, and Local Rule 17 of the Hamilton County Court of Common Pleas, contends that the common pleas court erred by not ordering service of its judgment entry denying

4

Everett's petition. Because any failure of service did not prejudice Everett, given he was able to file a timely appeal from the lower court's judgment, and because any lack of service did not affect the validity of the judgment, we overrule the seventh assignment of error. *See State v. Moore*, 2d Dist. Montgomery No. 2007 CA 123, 2008-Ohio-5376, ¶ 4, citing Civ.R. 58.

{¶11} Accordingly, the common pleas court's judgment is affirmed as modified to reflect a dismissal of Everett's postconviction petition.

Judgment affirmed as modified.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.