[Cite as *State v. Garrett*, **2024-Ohio-1367.**]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

                                      No. 113058

    v.                                        :

JEROME GARRETT,                         :

    Defendant-Appellant.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 11, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-405011-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony Miranda, Assistant Prosecuting Attorney, *for appellee.*

Jerome Garrett, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Jerome Garrett ("Garrett") appeals the judgment of the trial court denying his amended petition for postconviction relief, filed on February 12, 2004, without holding an evidentiary hearing on the motion. For the reasons that follow, this court affirms.

## I. Factual and Procedural History

**{¶ 2}** In August 2001, a jury convicted Garrett of aggravated murder with prior calculation and design and tampering with evidence. Garrett directly appealed his convictions, arguing that (1) he was not afforded a fair trial due to the trial court's alleged congeniality with the prosecutor, (2) the trial court erred in denying his Crim.R. 29 motion as to kidnapping, (3) his speedy trial rights were violated, (4) he was not afforded a fair trial because the prosecutor made berating remarks, and (5) the verdicts were against the manifest weight of the evidence. This court overruled all of Garrett's arguments and affirmed his convictions in *State v. Garrett*, 8th Dist. Cuyahoga No. 80172, 2003-Ohio-274, ¶ 76 ("*Garrett I*"). The Ohio Supreme Court denied jurisdiction. *State v. Garrett*, 99 Ohio St.3d 1437, 2003-Ohio-2902, 789 N.E.2d 1118.

**{¶ 3}** While his direct appeal was pending, Garrett filed a pro se motion to vacate or set aside his sentence on June 20, 2002. In this motion, Garrett argued that his trial counsel was ineffective for three reasons: (1) failing to call certain expert witnesses, (2) inadequately cross-examining James Atkins ("Atkins"),[1] the state's witness that Garrett knew and shared a holding cell with prior to trial, and (3) failing to object to, or move for a mistrial, based on his placement in a holding cell with Atkins prior to trial. The state opposed the motion, arguing that it was untimely.

---

[1] During trial, Atkins testified on cross-examination that while he shared a holding cell with Garrett, Garrett threatened him and tried to coerce Atkins into giving testimony that was not true.

{¶ 4} Before the trial court ruled on Garrett's first motion, he filed a pro se amended petition to vacate or set aside judgment of conviction or sentence on February 12, 2004. In this motion, Garrett yet again argued that his trial counsel was ineffective for failing to investigate the fact that Atkins and Garrett shared a holding cell and ineffective for eliciting prejudicial testimony from Atkins about how he felt intimidated when he shared a cell with Garrett. He also argued that trial counsel failed to object to instances of prosecutorial misconduct and failed to move for a new trial when the state did not properly demonstrate the elements for prior calculation and design. Garrett supported this petition with a self-serving affidavit. Separately, Garrett filed a motion asking the trial court to appoint counsel.

{¶ 5} The trial court appointed counsel about two weeks later. In June 2004, Garrett filed a motion requesting that the court order his appointed counsel to contact him.

{¶ 6} The docket is largely silent until December 2022, when Garrett filed a motion to remove appointed counsel and appoint new counsel, citing the fact that he was unable to maintain contact with appointed counsel, and that appointed counsel erroneously informed him that his postconviction proceedings had ended, that he was free to pursue federal relief, and wished him "good luck." Garrett argued that now, 18 years later, he has discovered that his postconviction petitions remain pending. The state opposed, and the trial court denied Garrett's motion for new counsel. Garrett filed for reconsideration, which the trial court also denied in June 2023.

{¶ 7} Garrett filed a complaint for a writ of procedendo in this court, asking for an order compelling the trial court to render rulings on his postconviction motions. *State ex rel. Garrett v. Saffold*, 8th Dist. Cuyahoga No. 112876, 2023-Ohio-2590, ¶ 1. The trial court denied both motions on July 5, 2023, so this court dismissed the writ of procedendo. *Id.* at ¶ 3.

{¶ 8} It is from this denial that Garrett initiated the instant appeal, assigning a single error for our review:

> The trial court made an arbitrary decision and an abuse of discretion when denying appellant's petition for post-conviction relief without holding an evidentiary hearing on the petition that was pending since 2004, on ineffective assistance of trial counsel.

## II. Law and Analysis

{¶ 9} In his sole assignment of error, Garrett argues that the trial court erred in denying his amended[2] postconviction relief petition without holding an evidentiary hearing. Garrett argues that "the prima facie evidence was extremely strong and more than enough to satisfy [the trial court's] judicial duty to order an evidentiary hearing[.]" In support of his assignment of error, Garrett advances arguments that his trial counsel was ineffective for (1) failing to object to numerous instances of prosecutorial misconduct, (2) eliciting testimony from Atkins that was

---

[2] Garrett has not placed the issue of the denial of his first postconviction relief petition at issue in this appeal. His assignment of error clearly appeals the petition that had been pending since 2004. His first postconviction petition was filed in 2002. As a result, this appeal only reviews the trial court's denial of his "amended" postconviction petition.

harmful to Garrett's case, and (3) failing to motion for a mistrial when testimony was elicited that Garrett and Atkins shared a cell.

{¶ 10} A petition for postconviction relief is a collateral civil attack of a criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. There is no constitutional right to petition for postconviction relief; the only rights afforded to a defendant in a postconviction proceeding are those specifically granted by the General Assembly. *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 10.

{¶ 11} R.C. 2953.21, governing postconviction relief petitions, has been amended numerous times since February 12, 2004, when Garrett filed his amended postconviction relief petition. At the time Garrett filed his amended petition, R.C. 2953.21(A)(2) provided that a postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.21 (eff. 10/29/03).

{¶ 12} Garrett filed the trial transcript in his direct appeal on December 17, 2001. The first filing date to fall 180 days after was June 17, 2002. Both the original postconviction motion and the amended postconviction motion were filed after this date. R.C. 2953.23(A)(1)(a)-(b) (eff. 10/29/03), provided that "[w]hether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of" 180 days after the trial transcript is filed in the direct appeal, unless (1) "the petitioner shows that he

was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *" and (2) the petitioner "shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"

{¶ 13} Because Garrett's petitions were untimely, Garrett was required to meet the statutory requirements of R.C. 2953.23(A)(1)(a)-(b) for the trial court to determine if he was entitled to a hearing and/or consideration of his untimely postconviction relief motion.

{¶ 14} Because we determine that Garrett has not established the requirements of R.C. 2953.23(A)(1)(a), we find that Garrett was not entitled to a hearing on his amended petition. Garrett was required to demonstrate that he was "unavoidably prevented" from discovering the facts that form the basis of his postconviction appeal, but we note that *all* of Garrett's arguments, which all allege that his trial counsel was ineffective, are barred by res judicata.

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in the judgment of convictions, or an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 15} In *Garrett I*, this court reviewed and rejected all of the issues that Garrett raises in his postconviction petition. Notably, this court addressed and overruled assignments of error pertaining to the alleged prosecutorial misconduct, the line of testimony elicited from Atkins by Garrett's trial counsel, and the issues stemming from Atkins and Garrett sharing a cell prior to the trial. *Garrett I* at ¶ 28, 30, 62.

{¶ 16} "To avoid the preclusive effect of res judicata, post-conviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'" *State v. Meyerson*, 9th Dist. Summit No. 30260, 2023-Ohio-708, ¶ 15, citing *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.

{¶ 17} It follows, then, that Garrett was not unavoidably prevented from discovering any of the bases for his amended postconviction relief petition, and the trial court did not err in failing to grant a hearing deriving from the bases alleged in Garrett's untimely and successive amended motion for postconviction relief. *See also State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982) (observing that a postconviction-relief petition alleging ineffective assistance of counsel generally requires evidence de hors the record); *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980) (holding that a petition must submit evidentiary documents containing sufficient operative facts to demonstrate that trial counsel was ineffective and the prejudicial effect thereof before a hearing is granted).

{¶ 18} Garrett's claims are barred by res judicata.

{¶ 19} Garrett's sole assignment of error is overruled.

### III. Conclusion

{¶ 20} The trial court did not err in denying Garrett's amended petition for postconviction relief without holding an evidentiary hearing because Garrett's untimely petition for postconviction relief failed to demonstrate that he was unavoidably prevented from discovering the evidence prompting the postconviction petition. All of the issues raised in Garrett's postconviction petition could have been, and indeed were, raised in his direct appeal and are thus barred by res judicata.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR