[Cite as *State v. Gardner*, 2024-Ohio-3008.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                            :

    Plaintiff-Appellee,          :
                                No. 113085
                                 :

    v.                             :

TIFFANY GARDNER,                          :

    Defendant-Appellant.         :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658922-A

_____

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Rachel E. Cohen and Gregory J. Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Tiffany Gardner, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} Tiffany Gardner ("Gardner") appeals the trial court's denial of her petition for postconviction relief. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On March 10, 2022, a jury found Gardner guilty of murder in violation of R.C. 2903.02(B) and felonious assault in violation of R.C. 2903.11(A)(1) in relation to the "fatal beating by two unknown male assailants of the victim, 70-year-old Leonard Craddock." Gardner's convictions were based on an aiding and abetting theory. The court sentenced Gardner to an indefinite term of 15-years-to-life in prison. Gardner's convictions were affirmed on appeal. *State v. Gardner*, 2023-Ohio-307 (8th Dist.) ("*Gardner I*").

{¶ 3} On April 28, 2023, Gardner filed an application to reopen her appeal in *Gardner I*, arguing that her appellate counsel was ineffective for 11 reasons. *State v. Gardner*, 2024-Ohio-1158 (8th Dist.) ("*Gardner II*"). This court denied the application to reopen, reasoning that "Gardner's micro-analysis of the evidence does not cast a doubt about the effectiveness of counsel" and concluding that Gardner "received a fair trial." *Id*. at ¶ 35-36.

{¶ 4} On June 21, 2023, Gardner, acting pro se, filed in the trial court a petition to vacate or set aside judgment of conviction or sentence ("PCR Petition"), arguing seven "assignments of error," which included the following issues: (1) ineffective assistance of trial and appellate counsel; (2) improper admission of evidence misled the jury; (3) improper evidentiary rulings and jury instructions regarding complicity; (4) cumulative error that "fatally infected the trial['s] fundamental fairness"; (5) prosecutorial misconduct concerning "knowingly false

testimony"; (6) prosecutorial misconduct concerning failure to disclose exculpatory evidence; and (7) judicial misconduct.

{¶ 5} On July 14, 2023, the court denied Gardner's PCR Petition, and it is from this judgment that she now appeals raising the same seven assignments of error raised in her PCR Petition:

I.      Ineffective assistance of counsel.

II.     Abuse of discretion — misleading the jury.

III.    Abuse of discretion — evidentiary issues.

IV.     Cumulative error — due process.

V.      Prosecutorial misconduct & *Napue*.

VI.     Prosecutorial misconduct & *Brady*.

VII.    Judicial misconduct and abuse of discretion

## II. Law and Analysis

### A. Pro Se Litigants

{¶ 6} The Ohio Supreme Court has repeatedly held that "pro se litigants . . . must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Although pro se litigants are held to the same standards as litigants represented by counsel, "appellate courts generally prefer to review cases on their merits. Therefore, we ordinarily afford lenience to pro se litigants." *Wiltz v. Cleveland*

*Clinic*, 2021-Ohio-62, ¶ 19 (8th Dist.). *But see State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 11 ("that leeway manifests in limited ways: attempting to address a pro se litigant's arguments on the merits when they are indecipherable . . . or liberally construing the allegations in a pro se [litigant's] complaint as stating the elements of a claim").

### B. Postconviction Relief and Res Judicata

{¶ 7} Although Gardner does not cite this statute in her PCR Petition or her appellate brief, R.C. 2953.21 governs postconviction-relief petitions, and subsection (A)(1)(a)(i) states:

> Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition . . . stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence . . . .

This court has held that a "vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1)." *State v. Harris*, 2021-Ohio-1820, ¶ 3 (8th Dist.). We review a trial court's ruling on a postconviction-relief petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 49.

{¶ 8} In *State v. Curry*, 2019-Ohio-5338, ¶ 12 (8th Dist.), this court held the following:

> The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction. *State v. Calhoun*, 86 Ohio St. 3d 279,

281, 1999 Ohio 102, 714 N.E.2d 905 (1999); *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute. *Calhoun* at 281-282. A postconviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 9} Furthermore, this court has held that "a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal." *State v. Jordan*, 2021-Ohio-701, ¶ 9 (8th Dist.). It is well-established Ohio law that "res judicata [is] a proper basis upon which to dismiss without hearing an R.C. 2953.21 petition." *State v. Cole*, 2 Ohio St.3d 112, 113 (1982).

{¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

### C. Analysis

{¶ 11} We review Gardner's assignments of error in the order in which she argued them in her appellate brief.

{¶ 12} In Gardner's first assignment of error, she argues that her trial counsel and her appellate counsel were ineffective. As to her trial counsel, Gardner raised an ineffective assistance of counsel claim in her direct appeal, and this court

overruled the assignment of error, finding that she failed to show that her trial counsel was ineffective. *Gardner I* at ¶ 50. As to Gardner's appellate counsel, this court rejected her application to reopen her appeal in *Gardner I* based on an ineffective-assistance-of-appellate-counsel argument. *Gardner II*. Accordingly, Gardner's arguments in her first assignment of error are barred by res judicata because they were actually litigated and rejected in *Gardner I* and *Gardner II*.

{¶ 13} Gardner's first assignment of error is overruled.

{¶ 14} In Gardner's third assignment of error, she argues that "the trial court abused its discretion by making a series of evidentiary rulings . . . ." It is unclear from Gardner's appellate brief what "evidence" these rulings concerned. Her entire argument under this assignment of error follows:

> ABUSE OF DISCRETION – EVIDENTIARY RULING & MISLEADING THE JURY
>
> PAUL GRAYSON (Redirect) (Transcript p. 310) —
>
> PROSECUTOR: Can you see whether the female is just off to the right?
>
> WITNESS: I didn't see her at all.
>
> PROSECUTOR: If she had been standing off to the side, would you have been able to —
>
> DEFENSE: Objection.
>
> THE COURT: Overruled.

{¶ 15} Notwithstanding that Gardner failed to identify the "evidence" she challenges, this argument is also barred by res judicata. Challenges to allegedly improperly admitted evidence "are apparent from the trial transcripts, [and] they

could have been raised on direct appeal." *State v. Barrow*, 2016-Ohio-2839, ¶ 9 (8th Dist.).

{¶ 16} Accordingly, Gardner's third assignment of error is overruled.

{¶ 17} In Gardner's fourth assignment of error, she argues that her constitutional rights were violated under the cumulative-error doctrine. This court has held that the cumulative-error doctrine does not apply absent a showing "that multiple errors occurred below . . . ." *State v. Williams*, 2023-Ohio-2296, ¶ 103 (8th Dist.). As shown in this opinion, Gardner failed to establish that the trial court erred in her case, let alone multiple times, and her cumulative-error argument is without merit.

{¶ 18} Accordingly, Gardner's fourth assignment of error is overruled.

{¶ 19} Gardner argues her second, fifth, sixth, and seventh assignments of error together in her appellate brief. Specifically, Gardner raises several issues in these assignments of error, including the following, presented in the order in which they appear in her appellate brief: allowing "the prosecution to introduce inflammatory evidence" at trial; allowing "false testimony" at trial; prosecutorial misconduct; exculpatory evidence; and judicial misconduct. A careful review of Gardner's appellate brief shows two things.

{¶ 20} First, Gardner fails to identify in a decipherable manner any inflammatory evidence, false testimony, prosecutorial misconduct, exculpatory evidence, or judicial misconduct. *See State v. Dowell*, 2006-Ohio-110, ¶ 10 (8th Dist.) ("Issues properly raised in a petition for postconviction relief are those that

could not have been raised on direct appeal because the evidence supporting such issues is outside the record."). In other words, Gardner failed to include in her PCR Petition filed in the trial court any evidence outside of the record that supported her claims.

{¶ 21} Second, Gardner's appellate brief shows that all of the arguments in her second, fifth, sixth, and seventh assignments of error are barred by the doctrine of res judicata, because they all either were or could have been challenged in her direct appeal.

{¶ 22} For example, one of Gardner's arguments under these assignments of error states as follows: "EXCULPATORY EVIDENCE — THE VIDEO — The evidence, the video shows the Defendant yelling on the phone while she was on the phone coming out of AutoZone. The evidence shows that Defendant was talking to her mother. Defendant walked past the 2 suspects while she was on the phone, so clearly the video shows that Defendant didn't know the 2 guys."

{¶ 23} *Gardner I* established that several videos were introduced at trial, including surveillance videos from the Dollar Store, surveillance videos from AutoZone, and a video from Gardner's cell phone. Gardner does not establish which video or videos she takes issue within this appeal. Although it is unclear how this evidence, which was introduced at trial, was inflammatory or exculpatory, "we need not address the merits of this argument, because any issue with the evidence admitted at trial could have been raised on direct appeal." *Barrow*, 2016-Ohio-2839, at ¶ 9 (8th Dist.).

{¶ 24} Accordingly, Gardner's second, fifth, sixth, and seventh assignments of error are barred by the doctrine of res judicata and are overruled. Thus, the trial court did not abuse its discretion by denying Gardner's PCR Petition.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR