[Cite as *State v. Williams*, 2026-Ohio-291.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO.    C-250182
                                                   TRIAL NO.     B-2300129
    Respondent-Appellee,            :

  vs.                                   :
                                                        *JUDGMENT ENTRY*
DARRYL WILLIAMS,                        :

    Petitioner-Appellant.           :


    This cause was heard upon the appeal, the record, and the briefs.

    For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

    Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

    The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 1/30/2026 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. Williams*, 2026-Ohio-291.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                 :        APPEAL NO.    C-250182

                                      TRIAL NO.      B-2300129

       Respondent-Appellee,       :

   vs.                                  :

                                             *O P I N I O N*

DARRYL WILLIAMS,           :

       Petitioner-Appellant.        :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 30, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.,* Assistant Prosecuting Attorney, for Respondent-Appellee,

*Darryl Williams*, pro se.

**CROUSE, Judge.**

**{¶1}** Petitioner-appellant Darryl Williams filed a postconviction petition to challenge his conviction. That petition was timely, and it was Williams's first. Nevertheless, the trial court denied the petition in an unexplained, one-sentence opinion. Because the trial court was legally obligated to make findings of fact and conclusions of law before it could reject Williams's petition, we reverse its judgment and remand for the trial court to comply with the law.

## I. BACKGROUND

**{¶2}** Williams was convicted of felonious assault in violation of R.C. 2903.11(A)(2), based on eyewitness and victim testimony that Williams had instructed his dog to attack a romantic partner. Williams was sentenced to 8 to 12 years in prison on January 19, 2024. He appealed that conviction, and we affirmed. Our opinion in that case, *State v. Williams*, 2024-Ohio-5076 (1st Dist.) ("*Williams I*"), contains a more detailed description of the testimony and trial.

**{¶3}** During the pendency of his appeal in *Williams I*, on September 6, 2024, Williams filed a petition for postconviction relief pursuant to R.C. 2953.21. As relevant here, the petition asserted that Williams's trial counsel had been ineffective for failing to obtain or introduce certain evidence, including a video recording of the incident captured by a Ring doorbell camera and text messages between Williams and the victim. The State did not answer this petition.

**{¶4}** About six weeks after Williams filed his petition, we issued our opinion and judgment in *Williams I*. Williams filed several applications asking us to reopen that appeal or to reconsider our judgment based on trial counsel's failure to obtain or introduce the same text-message and doorbell-video evidence described in the petition. We rejected his applications, noting that the evidence necessary to resolve his

3

ineffective-assistance claims was outside the record.

{¶5} On February 4, 2025, immediately after this court denied the last of Williams's applications, and while his September 2024 petition remained pending, Williams filed another petition for postconviction relief in the trial court. In it, he raised claims essentially identical to those raised in his September 2024 petition. Both petitions also averred that the "[e]vidence supporting [Petitioner Williams's] claim is not attached because Petitioner needs the assistance of an attorney . . . to produce the evidence" and were accompanied by motions seeking both the "expert assistance" of a lawyer and the "appointment of counsel."

{¶6} On February 26, 2025, the trial court journalized an "ENTRY OVERULING [sic] MOTION TO VACATE JUDGMENT," containing only the following sentence:

> This matter having come before the Court on the Defendant's Motion to Vacate or Set Aside Judgement [sic] of Conviction or Sentence and, the Court, being fully advised and after due consideration, finds the said motion not well taken and overrules the same.

{¶7} On March 24, 2025, Williams filed a notice with the trial court that he was appealing its February 26 entry.[1]

## II. ANALYSIS

{¶8} On appeal, Williams raises two assignments of error. The first asserts

---

[1] We note that Williams filed another postconviction petition on March 13, 2025, which the trial court appears to have denied in an entry dated March 20, 2025. Because of the date of both the filing and the trial court's decision, both are included in the record on appeal. However, Williams attached a copy of only the February 26 entry to his notice of appeal, clearly designating that as the only order from which he appealed. Accordingly, our opinion does not address either the March petition or the trial court's March entry.

that the trial court erred by failing to issue findings of fact and conclusions of law in denying Williams's petition. The second asserts that the trial court abused its discretion in rejecting Williams's ineffective-assistance-of-counsel claim without first holding a hearing.

{¶9} In its brief, the State concedes that the first assignment of error plainly merits reversal. For the reasons that follow, we agree.

{¶10} Ohio's postconviction-relief statute is clear, before a trial court denies a petition for postconviction relief on its merits, that court "*shall* make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." (Emphasis added.) R.C. 2953.21(H); *see also* R.C. 2953.21(D). As the Ohio Supreme Court has reminded trial judges in the past, the statute's mandatory language "requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition," lest "its decision [be] subject to reversal on appeal." *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20; *accord id.* at ¶ 22 ("the failure to issue findings of fact and conclusions of law is an error that should be corrected on appeal").

{¶11} There is an exception. A trial court lacks subject-matter jurisdiction to entertain—and therefore must dismiss—a second, successive, or untimely postconviction petition, unless that petition satisfies the requirements in R.C. 2953.23(A). *See State v. Everett*, 2022-Ohio-3804, ¶ 7-8 (1st Dist.); *see also State v. Apanovitch*, 2018-Ohio-4744, ¶ 38. Because R.C. 2953.21(D) and (H) apply only once a trial court reaches a petition's merits, a court need not issue findings of fact or conclusions of law when dismissing a second, successive, or untimely postconviction petition on jurisdictional grounds. *See State ex rel. George v. Burnside*, 2008-Ohio-2702, ¶ 6, citing *State ex rel. Bunting v. Haas*, 2004-Ohio-2055, ¶ 11;

5

*Everett* at ¶ 9.

**{¶12}** We therefore begin our assessment of this case by determining whether the order on appeal concerned a timely, first petition. To do that, we must determine whether the trial court's February entry addressed Williams's initial September 2024 petition or his February 2025 petition, both of which were outstanding at the time of the entry.

**{¶13}** The trial court seems to have viewed the February 2025 petition as an amended first petition, because its February 2025 entry addressed a single "motion," which it purported to "overrule[]" rather than dismiss. Williams's February 2025 petition was substantively identical to his prior petition; it brought no new claims for relief that had not been asserted in his September 2024 petition. Williams had a right to amend his initial postconviction petition without seeking leave of court unless and until the State filed its answer. *See* R.C. 2953.21(G)(2). In this case, the State never answered Williams's petitions, so Williams was free to amend his petitions as long as they remained pending.

**{¶14}** We therefore conclude that the trial court, in its February 2025 entry, effectively deemed Williams's February 2025 petition to be an amendment of his September 2024 petition. It then denied that amended first petition.

**{¶15}** The trial court was therefore required to make findings of fact and conclusions of law, unless Williams's petition was untimely. But both his original September 2024 and his amended February 2025 petitions were filed within 365 days of March 26, 2024, "the date on which the trial transcript [was] filed in the court of appeals" in *Williams I*. *See* R.C. 2953.21(A)(2)(a).

**{¶16}** Thus, the trial court's February 2025 entry denied a timely, first petition. The court had a duty to "make and file findings of fact and conclusions of law"

when entering that judgment. R.C. 2953.21(H); *see also* R.C. 2953.21(D); *Dinkelacker*, 2020-Ohio-3774, at ¶ 20; *George*, 2008-Ohio-2702, at ¶ 6. To satisfy the statute, those findings and conclusions had to be "adequate to their purposes," i.e., they had to "cover and pertain to the material and determinative issues presented in the petition and adequately apprise the petitioner and the reviewing court of the legal and evidentiary bases for the decision denying the petition." (Cleaned up.) *State v. Lavender*, 2021-Ohio-4274, ¶ 6 (1st Dist.).

**{¶17}** Here, the trial court's terse order apprised neither Williams nor this court of *any* basis for its denial. Indeed, its sole sentence did not address any material or determinative issue in the case. Accordingly, we accept the State's concession and hold that the trial court failed to comply with its legal duty to issue findings of fact and conclusions of law in accordance with R.C. 2953.21(D) and (H). Williams's first assignment of error is sustained.

### III. CONCLUSION

**{¶18}** A trial court's failure to issue findings of fact and conclusions of law when denying a jurisdictionally-proper petition is reversible error. *Dinkelacker* at ¶ 20. We accept the State's concession and sustain Williams's first assignment of error. The trial court's February 26, 2025 order denying Williams's amended first petition for postconviction relief is therefore reversed, and the cause is remanded for resolution consistent with the law and this opinion. Because this disposition renders Williams's second assignment of error moot, we decline to address it.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.

7