[Cite as *State v. Bebee*, 2026-Ohio-1043.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115288 |
| LAJUAN BEBEE, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 26, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677765-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Michael Wajda, Assistant Prosecuting Attorney, and Sophie E. Kormos, Certified Legal Intern, *for appellee*.

LaJuan Bebee, *pro se*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant LaJuan Bebee ("Bebee") appeals the judgment of the trial court denying his petition for postconviction relief. He raises 23 assignments of error. However, the trial court failed to issue findings of fact and conclusions of law

with its entry denying the petition, as required by R.C. 2953.21(H).  Thus, we are constrained to reverse the trial court's judgment and remand this matter for the court to issue the appropriate findings of fact and conclusions of law.

## I.  Procedural History[1]

{¶ 2} Following a jury trial, Bebee was convicted of two counts of murder and four counts of felonious assault.  Bebee was sentenced to life in prison with the possibility of parole after 24 years.

{¶ 3} This court affirmed Bebee's convictions and sentence, overruling all of his assignments of error.  *State v. Bebee*, 2024-Ohio-6181 (8th Dist.).  Bebee filed a petition for postconviction relief pursuant to R.C. 2953.21 in April 2025 ("April petition").  Within his petition, he asserted 21 constitutional violations that had occurred during the lower court proceedings.  Attached to the petition were a motion for appointment of counsel, a motion for expert assistance, an affidavit of indigency, multiple exhibits, including transcript pages, and Bebee's affidavit.

{¶ 4} In May 2025, Bebee filed another petition for postconviction relief ("May petition").  This filing was only the petition — the additional motions that had been attached to the April petition were filed separately.  The April and May petitions appear to be identical and even have the same certificate of service; the only notable difference is that the May petition listed the "Appeal No." in the heading as "CA-24-113374" rather than "CR-24-113374," which was stated in the April

---

[1] The particular substantive facts of Bebee's conviction are not relevant to this appeal.  A full recitation of the underlying facts can be found in this court's opinion in *State v. Bebee*, 2024-Ohio-6181 (8th Dist.).

petition.[2]   In addition, the May petition did not have any affidavits or exhibits attached to it; however, throughout the May petition, Bebee referenced the same exhibits that had been cited (and attached) in the April petition.

{¶ 5} The State did not present any opposition to either petition.

{¶ 6} The trial court summarily denied the May petition and did not address the April petition.  The instant appeal followed.

## II.  Law and Analysis

{¶ 7} Pursuant to R.C. 2953.21(A)(1)(a)(i), "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a petition stating the grounds for relief relied upon and asking the sentencing court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 8} "A petition for postconviction relief is a collateral civil attack of a criminal conviction." *State v. Garrett*, 2024-Ohio-1367, ¶ 10 (8th Dist.), citing *State v. Gondor*, 2006-Ohio-6679.  Since there is no constitutional right to a petition for postconviction relief, a defendant in such proceedings is entitled only to those rights expressly granted by the legislature.  *Id.*, citing *State v. Rackley,* 2015-Ohio-4504, ¶ 10 (8th Dist.).  "That includes the right to have one's claim heard at all[.]" *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.  Indeed, ""[t]he most significant restriction on

---

[2] This was the appeal number for Bebee's direct appeal.

Ohio's statutory procedure for postconviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings."'" *State v. Brown*, 2025-Ohio-274, ¶ 39 (8th Dist.), quoting *State v. Lenard,* 2020-Ohio-1502, ¶ 10 (8th Dist.), quoting *State v. Monroe*, 2005-Ohio-5242, ¶ 9 (10th Dist.). Accordingly, any issues that were, or could have been, raised on direct appeal or in prior petitions for postconviction relief are barred by res judicata and are, therefore, precluded from review in any subsequent proceedings or successive petitions. *State v. Kennedy*, 2024-Ohio-66, ¶ 28-29 (8th Dist.).

{¶ 9} The State argues that Bebee's petition was barred by res judicata; however, we are unable to discern from the trial court's brief journal entry whether it denied the petition based upon res judicata. R.C. 2953.21(H) provides that "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." As evidenced by the use of "shall" in the statute, the issuance of findings of fact and conclusions of law is mandatory. *See State v. Maxwell*, 2020-Ohio-3027, ¶ 12 (8th Dist.) (When denying a petition for postconviction relief, the statute "requires the trial court to make and file findings of fact and conclusions of law setting forth its findings on each issue presented and a substantive basis for its disposition of each claim for relief advanced."), citing *State v. Lester*, 41 Ohio St.2d 51 (1975).

{¶ 10} The findings of fact and conclusions of law apprise the petitioner of the basis for the court's disposition and facilitate meaningful appellate review.

*Maxwell* at *id.*, citing *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19 (1988). "As the Ohio Supreme Court has reminded trial judges in the past, the statute's mandatory language 'requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition,' lest 'its decision [be] subject to reversal on appeal.'" *State v. Williams*, 2026-Ohio-291, ¶ 10 (1st Dist.), quoting *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20; *see also id.* at ¶ 22 (noting that the failure to issue findings of fact and conclusions of law is an error that should be corrected on appeal).

{¶ 11} We note that Bebee has not assigned as error the trial court's failure to issue findings of fact and conclusions of law. We are always mindful of the party-presentation rule and remaining a neutral arbiter of the matters presented. *See Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4 ("[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties."), quoting *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.,* 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

{¶ 12} However, in this instance, without being able to consider the trial court's reasoning for its denial, we are unable to conduct meaningful and effective review of the appeal. As explained by the Ohio Supreme Court, "[t]he party-presentment rule is 'not ironclad,' because '[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate.'" *State ex rel. Martre v. N. Cent. Corr. Complex*, 2026-Ohio-162, ¶ 9, quoting *United States v. Sineneng-Smith,*

590 U.S. 371 (2020). The standard of review for the denial of a postconviction-relief petition is whether the trial court abused its discretion. *State v. Anderson*, 2025-Ohio-1254, ¶ 6 (8th Dist.), citing *State v. Hatton*, 2022-Ohio-3991, ¶ 38. Without understanding the trial court's reasoning for its denial, we cannot conduct such a review. Consequently, this matter is reversed and remanded to the trial court.

{¶ 13} On a final note, we must address a procedural issue. As noted above, it appears from the docket that Bebee actually filed two postconviction-relief petitions — the April petition and the May petition. The April petition has various filings attached to it, including a motion for appointment of counsel, a motion for expert assistance, an affidavit of indigency, and Bebee's affidavit. It also contains selected transcript pages, the case docket, and several other exhibits, which are referenced in the April petition. It appears that the May petition is an identical refiling of the basic petition; the other two motions and the affidavit of indigency were filed separately. The May petition does not have any exhibits or affidavits attached, but there are references throughout the petition to the same exhibits and affidavits that were attached to the April petition. The only other difference between the two filings is an altered "Appeal No." in the heading.

{¶ 14} The State contends that the trial court denied the April petition and that the May petition was consequently a "successive" petition, which is subject to additional statutory constraints. However, the court's journal entry denying the petition only references the May petition and accompanying motions. There is no

docket entry denying the April petition. Accordingly, the May petition was not a successive petition.

{¶ 15} It does not appear that Bebee intended for the May petition to amend the April petition; the two petitions appear to be identical with the exception of the revised "Appeal No." in the heading.[3] The trial court only ruled upon the May petition, which meant that there were no exhibits or affidavits for the court to review. We are inclined to believe that the failure to attach the exhibits and affidavits to the May petition was not intentional, particularly considering that Bebee referenced the same exhibits and affidavits throughout the May petition.

{¶ 16} We note that Bebee filed his petitions as a pro se litigant, and pro se litigants are held to the same standard as all other litigants, which means they must comply with the rules of procedure and must accept the consequences of their own mistakes. *State v. Gardner*, 2024-Ohio-3008, ¶ 6 (8th Dist.), citing *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5; *State v. Zuranski*, 2005-Ohio-3015 (8th Dist.). Nonetheless, courts often afford pro se litigants some leniency. *State v. Battigaglia*, 2021-Ohio-1781, ¶ 21 (8th Dist.) (Jones, J., dissenting), citing *State v. Nash*, 2013-Ohio-1346, ¶ 7 (8th Dist.). Accordingly, on remand, the trial court shall consider and rule upon the April petition, which has all of the referenced exhibits and affidavits.

---

[3] At oral argument, Bebee denied filing the May petition at all.

{¶ 17} Bebee's first assignment of error is sustained; the remainder of the assignments of error are overruled as moot.

{¶ 18} Judgment reversed. This matter is remanded for the trial court to consider and rule upon the April petition. With its decision, the court shall issue findings of fact and conclusions of law in accordance with R.C. 2953.21(H) that apprise Bebee of the grounds for the decision and enable this court to conduct a meaningful review if Bebee again appeals the judgment of the trial court.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
DEENA R. CALABRESE, J., CONCUR