[Cite as *State v. Brown*, 2025-Ohio-274.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                No. 113818

    v.                                       :

TONY BROWN,                                :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-560590-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Tony Brown, *pro* se.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Tony Brown, appeals from the trial court's judgment entry denying him leave to file a motion for a new trial and denying his untimely petition for postconviction relief. For the reasons that follow, this court affirms the trial court's decision.

## I.  Procedural History and Background

{¶ 2}  In 2012, the trial court sentenced Brown to 31 years in prison following his convictions for two counts of aggravated burglary, five counts of kidnapping, and one count each of aggravated robbery, aggravated theft, and having weapons while under disability.  This court affirmed his convictions, overruling his assignments of error that challenged the sufficiency and weight of the evidence and the prosecutor's statements made during closing argument regarding DNA evidence.  *See State v. Brown*, 2013-Ohio-2690 (8th Dist.).

{¶ 3}  In August 2023, Brown, pro se, filed a motion for leave to file a delayed motion for a new trial based on newly discovered evidence.  He contended that with the help of a family friend in 2022-2023, he obtained through public records requests newly discovered exculpatory evidence that the jury did not consider at his trial.  On the same day, he filed a combined motion for new trial and petition for postconviction relief.

{¶ 4}  Without conducting a hearing, the trial court denied his request for leave to move for a new trial, concluding that Brown failed to demonstrate by clear and convincing evidence that he (1) was unavoidably prevented from obtaining the relied upon information and (2) could not have with reasonable diligence discovered the information and produced it at trial.  For the same reasons, the trial court denied Brown's petition for postconviction relief, finding that it lacked jurisdiction because the petition was untimely.  Additionally, the court rejected Brown's postconviction

claim of effective assistance of trial counsel because Brown failed to demonstrate both deficient performance and prejudice.

{¶ 5} This appeal followed.

## II. The Appeal

### A. Motions to Compel Service

{¶ 6} Brown states in his first assignment of error:

The trial court erred in ignoring pro se prisoner's motions to compel service of prosecutor's defaulted response to appellant and in not granting appellant's motions to strike the prosecutor's default response all of which is and was contrary to Ohio Criminal Rule 49, Ohio Civil Rule 5(B)(4), controlling authorities of law and the due process clause of the Fourteenth Amendment of the U.S. Constitution.

{¶ 7} The State contends that Brown has not properly invoked this court's jurisdiction to challenge the trial court's decisions regarding his motions to compel and strike because he did not provide notice in accordance with App.R. 3(D) that he intended to appeal those decisions. Under App.R. 3(D), the notice of appeal "shall designate the judgment, order or part thereof appealed from." In his notice of appeal, Brown noted that he intended to appeal the trial court's "final judgment entry . . . entered on March 27, 2024." A review of the record reveals that on March 28, 2024, the trial court addressed Brown's pending motions, including his motion for leave to move for new trial, petition for postconviction relief, motion to strike, combined motion to reconsider and compel, motion to proceed to judgment, and second motion to strike.

{¶ 8} Although he only appended the trial court's written decision denying his motion for leave to file a motion for a new trial and petition for postconviction

relief, Brown's failure to include the trial court's other decisions does not deprive this court of jurisdiction. *See* Loc.App.R. 3(B)(1) (attachment of judgment or order appealed from is not jurisdictional). Moreover, the trial court did not issue a separate journal entry denying Brown's other motions; the docket only shows the motions as "moot."

{¶ 9} An issue is moot, however, "when it has no practical significance and, instead, presents a hypothetical or academic question." *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55. As a general matter, courts will not resolve moot issues. *State v. Harding*, 2014-Ohio-1187, ¶ 50 (10th Dist.). Consistent with this law, the trial court declined to rule on Brown's motions once it found those motions moot due to its consideration and denial of his substantive motions. The question before this court, therefore, is whether the trial court abused its discretion in deciding that Brown's motions were (1) moot after it ruled on his postconviction motions, or (2) declining to consider Brown's motions prior to ruling on his postconviction motions.

{¶ 10} Our standard of review for a motion to strike and a motion to compel is whether the trial court abused its discretion by granting or denying the motions. *Abernethy v. Abernethy*, 2003-Ohio-1528, ¶ 7 (8th Dist.) (motion to strike); *United States Specialty Sports Assn. v. Majni*, 2022-Ohio-3035, ¶ 14 (8th Dist.) (motion to compel). An abuse of discretion occurs when "a court exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 11} Brown's motions to compel and strike involved the State's untimely filing of their brief in opposition to his motion for leave to move for a new trial and petition for postconviction relief and the State's purported failure of serving its opposition on Brown. He contended that because the State filed its opposition five days after the extension deadline, the trial court should have stricken the response, entered judgment, or proceeded directly to an evidentiary hearing on his motions. Additionally, Brown claimed that the State failed to serve him with their opposition, and thus he requested that the court compel the State to serve him with the response, and when the State purportedly failed to do so, Brown requested that the trial court strike the State's opposition.

{¶ 12} Upon review of the record, we find no abuse of discretion by the trial court in either (1) finding Brown's motion to compel moot after it ruled on his postconviction motions, or (2) declining to consider Brown's motions prior to ruling on his postconviction motions. Although the State filed its opposition beyond the extension deadline imposed by the trial court, Brown has failed to demonstrate how this late filing prejudiced him in his pursuit for a new trial.

{¶ 13} Moreover, we find no merit in Brown's contention that the State failed to serve him with a copy of their opposition. First, the State certified in its certificate of service that it served its opposition to Brown on the same day that it filed its opposition, October 25, 2023. Pursuant to Civ.R. 5(B), "service by mail is complete upon mailing." "A presumption of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process." *Potter v. Troy*,

78 Ohio App.3d 372, 377 (2d Dist. 1992). The opposing party may rebut that presumption, however, by producing sufficient evidence, such as an affidavit that he never received service. *Potter*, citing *Grant v. Ivy*, 69 Ohio App.2d 40 (10th Dist. 1980); *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. Partnership*, 2022-Ohio-1472, ¶ 14 (10th Dist.) ("A rebuttable presumption of proper service arises when a party complies with the civil rules governing service.").

{¶ 14} Brown produced documentary evidence purportedly demonstrating that he did not receive a copy of the State's opposition. However, on November 13, 2023, Brown filed his "motion for extension to submit contra response" to the State's opposition. Brown's certificate of service on that motion indicates that he served his motion on November 3, 2023 — nine days after the State filed its opposition. Moreover, in Brown's motion for an extension of time, he did not support his request with any assertion that he had not yet received the State's response to timely respond; rather, he asserted that his prisoner status restricted and impeded his access to legal and research materials to respond adequately and thoroughly to the State's opposition. Accordingly, the record refutes Brown's documentary evidence and contention that he did not receive the State's opposition.

{¶ 15} Based on the foregoing, we find no abuse of discretion by the trial court in either finding Brown's motions moot or declining to consider his motions prior to ruling on his postconviction motions.

{¶ 16} Brown's first assignment of error is overruled.

### B. Denial of Motion for Leave

{¶ 17} In his second and third assignments of error, Brown challenges the trial court's denial of his motion for leave to move for new trial.[1]

Assignment of Error II

The trial court erred in denying pro se prisoner's motion for leave to file motion for new trial and by not conducting [an] evidentiary hearing all of which was contrary to Ohio Criminal Rule 33(B) and controlling authorities of law and the due process clause of the Fourteenth Amendment of the U.S. Constitution.

Assignment of Error III

The trial court erred in denying pro se prisoner's motion for leave to file motion for new trial (due to expired procedure deadline) when prisoner's motion for new trial and its evidence demonstrates an actual innocence claim and constitutional *Brady* violations of concealed evidence and destroyed evidence all of which is contrary to controlling authorities of law and the due process clause of the Fourteenth Amendment of the U.S. Constitution.

{¶ 18} We review a trial court's ruling on a motion for leave to move for a new trial for an abuse of discretion. *State v. McNeal*, 2022-Ohio-2703, ¶ 13, citing

---

[1] Brown requested an App.R. 9(B) record in his notice of appeal. This court, sua sponte, converted the appeal into an App.R. 9(A) record. Upon review of the trial court's judgment entry and arguments raised on appeal, this court issued a subsequent sua sponte order, reverting to an App.R. 9(B) record and ordered the State to assist the clerk of courts in locating the trial transcript and exhibits. The trial transcript has since been located and filed; the exhibits are still missing. Nevertheless, the missing exhibits do not hinder our review of this case because the transcripts provide the relevant information to adequately and thoroughly address Brown's assignments of error. *Compare Crutchfield v. Sharon Twp. Bd. of Zoning Appeals*, 2004-Ohio-6265, ¶ 25 (9th Dist.) (finding that a description of photographs in a transcript is inadequate without the photographs themselves). In resolving an appeal that involved missing exhibits, this court stated, "While a trial court record need not be perfect for appellate review, we must balance adequacy of the record with the deprivation of a defendant's due process rights." *State v. Tiedjen*, 2019-Ohio-2430 ¶ 15 (8th Dist.), citing *State v. Skatzes*, 2004-Ohio-6391, ¶ 161.

*State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993) ("The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed.").

{¶ 19} Brown moved for leave to file a motion for new trial based on newly discovered evidence, asserting a *Brady* claim. *Brady v. Maryland*, 373 U.S. 83, 87 (1963), governs situations where the State withholds evidence that tends to exculpate a criminal defendant. "When the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant under the Fourteenth Amendment to a fair trial." *State v. Johnston*, 39 Ohio St.3d 48, 60 (1988). *Brady* violations may be found regardless of whether the defense requested the evidence and "irrespective of the good faith or bad faith of the prosecution." *Brady* at 87.

{¶ 20} Crim.R. 33 provides that a trial court may grant a defendant's motion for a new trial where the discovery of new evidence materially affects the defendant's substantial rights and:

> [w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

Crim.R. 33(A)(6).

{¶ 21} Under Crim.R. 33(B), a defendant must file a motion for new trial based on newly discovered evidence within 120 days after a verdict is rendered. A defendant who fails to file a motion for new trial within the prescribed timeframe must seek leave from the trial court to file a delayed motion for new trial. *State v. Murphy*, 2021-Ohio-3925, ¶ 25 (8th Dist.), citing *State v. Hale*, 2019-Ohio-1890, ¶ 9 (8th Dist.).

{¶ 22} When the ground for a motion for leave to file a new-trial motion is newly discovered evidence, the movant must show that he had been "unavoidably prevented" from timely discovering that evidence. Importantly, "'[w]hen a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave.'" *State v. Hatton*, 2022-Ohio-3991, ¶ 30, and *State v. Bethel*, 2022-Ohio-783, ¶ 41. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Hatton* at ¶ 30.

{¶ 23} When a defendant seeks to assert a *Brady* claim in an untimely postconviction motion, the defendant satisfies the "unavoidably prevented" requirement by establishing that the prosecution suppressed the evidence on which the defendant relies. *Bethel* at ¶ 25, 29 (rejecting the State's assertion that a defendant seeking to assert a *Brady* claim is required to show that he could not have

discovered the suppressed evidence by exercising reasonable diligence); *see also* *McNeal*, 2022-Ohio-2703, at ¶ 17, and *Hatton* at ¶ 31.

**{¶ 24}** Brown contended that he was unavoidably prevented from discovering various reports, including Bureau of Criminal Investigation ("BCI") DNA testing reports and purported chain-of-custody deficiencies until 2022 because, as an incarcerated individual, R.C. 149.43 prohibited him from obtaining public records.

**{¶ 25}** The trial court found that although R.C. 149.43 placed restrictions on Brown's access to public records, the statute did not entirely prohibit Brown from obtaining information. The court correctly noted that Brown needed to first request the material from the trial court and establish that the information was necessary to support a justiciable claim. Because Brown did not present any evidence showing compliance with R.C. 149.43, the trial court found that Brown failed to prove by clear and convincing evidence that he was unavoidably prevented from obtaining this information prior to 2023.

**{¶ 26}** Brown contends that even if he had followed the procedures in R.C. 149.43, the trial court would have "ignored any public records motion" because the trial court refused to rule on his motions to compel and for service. According to Brown, the trial court's refusal to conduct a hearing on his motion for leave prevented him from demonstrating how he was unavoidably prevented from discovering the evidence supporting his motion for a new trial and postconviction relief.

{¶ 27} At the outset, we summarily find Brown's argument regarding the trial court's potential treatment of any R.C. 149.43 request purely speculative and unpersuasive. Additionally, an evidentiary hearing on a motion to leave is required only if the evidence the movant offers in support of his motion for leave demonstrates on its face unavoidable prevention. *State v. Howard*, 2022-Ohio-2159, ¶ 27 (1st Dist.), citing *State v. Carusone*, 2013-Ohio-5034, ¶ 4 (1st Dist.).

{¶ 28} In support of his motion for leave, Brown contends that the newly acquired evidence includes photographs, police statements, witness statements, DNA testing and reports, DNA chain of custody deficiencies, fingerprints, proof of perjury by his accusers, and no evidence of gun operability. He maintains that "most" of this evidence was not presented to the jury, and in fact, he had never seen some of the evidence. Based on our review of the 88 exhibits attached to his motion for a new trial, we find that this evidence on its face does not demonstrate unavoidable prevention.

{¶ 29} The trial court correctly found that the evidence Brown relied upon to support his motion was either presented at trial or provided to Brown's trial counsel during discovery. The trial court noted that some of the documents that Brown contended are "newly discovered" were marked as "counsel only"; thus Brown's trial counsel would have been prohibited under Crim.R. 16(C) from showing the items to Brown. Brown has not presented any evidence to refute this assertion. *Compare Tiedjen*, 2019-Ohio-2430 (8th Dist.) (movant provided affidavits from his trial and appellate counsel averring that the "newly discovered" supporting documentation

never seen by counsel nor provided by the State during discovery). Brown has not offered any similar affidavits from his trial or appellate counsel, averring that the documentation supporting Brown's motion for leave is newly discovered. Accordingly, Brown has failed to demonstrate that the State suppressed the evidence supporting his motion for leave to move for a new trial.

{¶ 30} Moreover, Brown has also failed to demonstrate how the supporting documentation qualifies as *Brady* material, such that the documentation tends to exculpate him. In his combined motion, Brown contends that the State withheld the identities of the "undisclosed" other gunmen who committed the robbery and did not make any diligent effort to retest DNA evidence or compare fingerprints found at the victims' house. The State's purported lack of investigation to discover accomplices or failure to retest DNA evidence or compare fingerprints do not amount to *Brady* evidence, unless Brown affirmatively shows that the State suppressed the identities of known suspects prior to trial. *State v. Wickline*, 50 Ohio St. 3d 114, 116 (1990) (*Brady* applies only in situations where information known to the prosecution but unknown to the defense is discovered after trial.) He has not satisfied his burden.

{¶ 31} Brown's next challenge is the State's purported mishandling of the t-shirt rag that contained his DNA and connected him to the robbery. According to Brown, the "newly discovered" DNA reports, police reports, and witness statements reveal that the State withheld chain-of-custody information that the t-shirt was

mishandled and contaminated. Who discovered the t-shirt rag and chain-of-custody information is not new.

{¶ 32} Both Desdemona Sanderfer and Leslie Slocum testified at trial that they discovered the t-shirt rag in the upstairs bathroom two days after the home invasion. The State presented evidence at trial that one of home invaders wore this rag as a face covering, but that it fell off during the robbery. Slocum testified that she contacted Cleveland Heights police about the discovery and that she wore gloves when she picked up the t-shirt rag and placed it in a plastic bag that she subsequently gave to the responding officer. *See* tr. 540-541, 1090-1092. Accordingly, Brown knew where, when, and how the t-shirt was found, recovered, and transferred to police custody during his trial, and thus he was not unavoidably prevented from timely discovering this evidence for purposes of moving for a new trial.

{¶ 33} Brown also contends that he was unavoidably prevented from discovering the DNA report that disclosed that the t-shirt rag contained not only his DNA, but also the DNA of several unknown individuals. Not only is this information non-*Brady* material, but the information was disclosed at trial during BCI forensic scientist Kelly Rees's testimony wherein she testified while reading from exhibit No. 50 that the DNA profile taken from the t-shirt rag contained DNA from Brown, as a major contributor, and "at least two unknown individuals." Tr. 947. Accordingly, Brown knew about the DNA testing and the results at the time of his trial, and thus he was not unavoidably prevented from timely discovering this evidence for purposes of moving for a new trial.

{¶ 34} Finally, Brown contends that he is entitled to a new trial because he discovered through public records requests that certain evidence has since been destroyed and thus, he is unable to obtain independent DNA analysis on those items. In support, he relies on cases that address denials of petitions for postconviction DNA testing pursuant to R.C. 2953.71 et seq. or cases that involve an allegation that the State destroyed, failed to preserve, or lost evidence *prior* to trial. Those cases are inapposite because Brown is not appealing from a denial for postconviction DNA testing and the evidence Brown alleges that has been destroyed (the pry bar and buccal swabs) were available and, in fact, presented during trial and thus not *Brady* material.[2]

{¶ 35} Based on the foregoing, we agree with the trial court that Brown failed to withstand his burden of proving by clear and convincing evidence that he was unavoidably prevented from discovering the evidence or that the State suppressed this evidence to grant him leave to move for a new trial. Because we find no abuse of discretion in the trial court's decision denying him leave, we summarily overrule his third assignment of error challenging the merits of his motion for new trial. *Hatton*, 2022-Ohio-3991, at ¶ 30, and *Bethel*, 2022-Ohio-783, at ¶ 41. Brown's second and third assignments of error are overruled.

## C. Denial of Postconviction Petition

{¶ 36} Brown's fourth assignment of error states:

---

[2] Whether certain public records or evidence was not preserved or retained in accordance with retention policies, rules, or laws is not part of this appeal.

The trial court erred in denying pro se prisoner's petition for postconviction relief (under R.C. 2953.21, R.C. 2953.71, R.C. 2953.23(A)(1)) [regarding] claims of ineffective assistance of counsel and independent re-testing of DNA evidence which is contrary to controlling authorities of law and the Sixth and Fourteenth Amendments to the U.S. Constitution.

{¶ 37} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 2020-Ohio-1502, ¶ 8 (8th Dist.), citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). To prevail on a petition for postconviction relief, a defendant must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21. A petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is outside the record of the petitioner's criminal conviction.

{¶ 38} R.C. 2953.23 governs untimely and successive petitions for postconviction relief. R.C. 2953.23(A) prohibits a trial court from entertaining an untimely petition unless the petition meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition or that the United States Supreme Court has recognized a new federal or State right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1).

{¶ 39} "'The most significant restriction on Ohio's statutory procedure for postconviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings.'" *Lenard*, 2020-Ohio-1502, at ¶ 10 (8th Dist.) quoting *State v. Monroe*, 2005-Ohio-5242, ¶ 9 (10th Dist.). Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before the judgment of conviction or on direct appeal from that judgment. *State v. Murphy*, 2021-Ohio-3925, ¶ 11, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph seven of the syllabus. Issues properly raised in a petition for postconviction relief are those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *Murphy* at *id.*, citing *State v. Milanovich*, 42 Ohio St.2d 46, 50 (1975). If an issue has or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *Murphy* at *id.*

{¶ 40} Brown premised his untimely petition on claims of ineffective assistance of trial counsel. Specifically, he contends that he received ineffective assistance of counsel because counsel (1) did not obtain or present exculpatory evidence; (2) failed to impeach or challenge the victims' perjured testimony; (3) failed to seek independent DNA testing or fingerprint analysis; (4) did not take any serious efforts in conducting discovery or contest the State's evidence; and (5) did

not challenge the operability of the firearm used in the robbery or request a jury instruction about operability. Notwithstanding the effects of res judicata because these claims could have been raised (and some were in fact raised) in his direct appeal, we find no abuse of discretion by the trial court in summarily denying his untimely petition.

{¶ 41} Brown does not contend that a new right has been recognized and retroactively applies to him; he contends that he was unavoidably prevented from discovering new evidence. The "unavoidably prevented" requirement in R.C. 2953.23(A)(1) mirrors the "unavoidably prevented" requirement in Crim.R. 33(B). *State v. Waddy*, 2016-Ohio-4911, ¶ 27 (10th Dist.). *See also Bethel* at ¶ 59 ("The 'unavoidably prevented' requirement in Crim.R. 33(B) mirrors the 'unavoidably prevented' requirement in R.C. 2953.23(A)(1).").

{¶ 42} Brown contends that he did not discover the perjured and inconsistent testimonies by the victims until his family friend received documents in 2022-2023 following a public records request. The record demonstrates otherwise. During the joint trial of Brown and his codefendant, Timothy Willis, counsel extensively cross-examined all the victims and their differing accounts regarding the number of "gunmen," the actions of those gunmen, and what each victim observed. In fact, when the State provided a mid-trial disclosure of a victim's written statement contradicting previous testimony and offering new information, counsel rightfully moved to sanction the State for both *Brady* and discovery violations. Accordingly, the information Brown relies on in support of his petition

for postconviction relief was known at trial.  Moreover, Brown challenged these issues regarding victim credibility and conflicting testimony in his direct appeal. *See Brown*, 2013-Ohio-2690 (8th Dist.).  Accordingly, for the same reasons stated in finding no abuse of discretion by the trial court in denying Brown's motion for leave, we also find no abuse of discretion in denying his untimely petition for postconviction relief.  His fourth assignment of error is overruled.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR