[Cite as *State v. Brown*, 2025-Ohio-668.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Michael D. Hess, J. |
| Plaintiff-Appellee | Hon. Jason P. Smith, J. |
| -vs- | Judges Hess and Smith Sitting by Assignment by the Supreme Court of Ohio |
| DANNY BROWN | Case No. 2024 CA 0038 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Richland County Court of Common Pleas, Case No. 2020 CR 0812 N

JUDGMENT: Affirmed

February 20, 2025

DATE OF JUDGMENT ENTRY:

APPEARANCES:

For Plaintiff-Appellee

DAVE YOST
Ohio Attorney General

DREW WOOD
Special Prosecuting Attorney
Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215

For Defendant-Appellant

RHYS B. CARTWRIGHT-JONES, ESQ.
42 N. Phelps Street
Youngstown, Ohio 44503-1130

*Hoffman, P.J.*

**{¶1}**    Defendant-appellant Danny Brown appeals the June 24, 2024 Judgment Entry entered by the Richland County Court of Common Pleas, which denied his petition for post-conviction relief without a hearing.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}**    On February 22, 2021, the Richland County Grand Jury indicted Appellant on one count of having weapons while under disability, in violation of § 2923.13(A)(3)(B), a felony of the third degree (Count One), with a forfeiture specification; one count of receiving stolen property, in violation of R.C. § 2913.51(A)(C), a felony of the fifth degree (Count Two); one count of aggravated possession of drugs, in violation of R.C. § 2925.11(A)(C)(1)(c), a felony of the second degree (Count Three), with a forfeiture specification; on count of possession of cocaine, in violation of R.C. § 2925.11(A)(C)(4)(e), a felony of the first degree (Count Four), with a forfeiture specification; one count of trafficking in cocaine, in violation of R.C. § 2925.03(A)(2), a felony of the first degree (Count Five), with a forfeiture specification; and one count of aggravated trafficking in drugs, in violation of R.C. § 2925.03(A)(2), a felony of the second degree (Count Six), with a forfeiture specification. Appellant appeared before the trial court for arraignment on March 30, 2021, and entered a plea of not guilty to the Indictment.

---

[1] For a complete Statement of the Facts underlying Appellant's convictions, see *State v. Brown*, 2023 Ohio-3906 (5th Dist.).

{¶3} On July 29, 2021, Appellant filed a motion to suppress, arguing all evidence seized during the execution of the search warrant on November 30, 2020, should be suppressed as the warrant was issued without probable cause and the affidavit in support of the search warrant contained false information. The trial court conducted a suppression hearing on September 10, 2021. The only witness called at the suppression hearing was Detective Wayne Liggett, a Richland County Sherriff's Office detective assigned to the METRICH Enforcement Unit. Detective Liggett detailed the circumstances which gave rise to his involvement in the investigation into Appellant. Detective Liggett also testified regarding the information he obtained about Appellant and the "concerned citizen" from whom he obtained the information. The trial court denied Appellant's motion to suppress via Judgment Entry issued September 22, 2021.

{¶4} The matter proceeded to a four-day jury trial, commencing on April 15, 2022. After hearing all the evidence and deliberating, the jury found Appellant not guilty of receiving stolen property (Count Two) and not guilty on the forfeiture specifications attendant to Counts Three, Four, Five, and Six. The jury found Appellant guilty of having weapons while under disability (Count One) and the attendant forfeiture specification, aggravated possession of drugs (Count Three), possession of cocaine (Count Four), trafficking in cocaine (Count Five), and aggravated trafficking in drugs (Count Six).

{¶5} The trial court conducted a sentencing hearing on May 19, 2022, and imposed an aggregate minimum term of 22 years and an aggregate maximum term of 27 ½ years. Appellant filed a timely Notice of Appeal to this Court, which affirmed his convictions and sentence. *State v. Brown*, 2023-Ohio-3906 (5th Dist.). In his second assignment of error, Appellant maintained the trial court erred in denying his motion to

suppress as there was a lack of probable cause to support the issuance of the search warrant and the affidavit upon which the warrant was based contained false information. *Id*. at ¶ 44. This Court overruled the assignment of error, finding, "[u]nder a totality of the circumstances, the affidavit contained sufficient information for the issuing judge to find there was probable cause to issue a search warrant." *Id*. at ¶ 47. Appellant appealed to the Ohio Supreme Court, which declined to accept jurisdiction. *State v. Brown*, 2024-Ohio-1228.

**{¶6}** On January 29, 2024, Appellant filed a petition for post-conviction relief, which he supported with the affidavit of Trina Brown, his wife. Therein, Appellant asserted his Fourth Amendments rights were violated because the search warrant was based upon unreliable and unverified information. The State filed a response, arguing Appellant's petition should be dismissed without a hearing as his claims are barred by res judicata. Appellant filed a brief in opposition to the State's motion to dismiss. Appellant attached the affidavits of Joe Ward, Miranda Williams, Paul Kelly, Jarrod Kelly, and Frank Douglas in support of his position the search warrant was based upon unreliable and unverified information. Via Judgment Entry filed June 24, 2024, the trial court dismissed Appellant's petition without a hearing. The trial court found the issues Appellant raised in his post-conviction relief petition were addressed at the suppression hearing and at trial, as well as in his subsequent appeal; therefore, barred by res judicata.

**{¶7}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN DENYING BROWN'S POSTCONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING OR A DISCOVERY PERIOD.

I

**{¶8}** In his sole assignment of error, Appellant contends the trial court erred in denying his petition for post-conviction relief without conducting an evidentiary hearing or providing a discovery period. Appellant "strongly asserts that the submitted affidavits and materials external to the original record substantiate the claim for relief." Brief of Appellant at p. 14.

**{¶9}** R.C. 2953.21, which governs post-conviction relief, does "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *State v. Gondor*, 2006-Ohio-6679, ¶ 51. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, paragraph two of the syllabus (1999); *Gondor* at ¶ 51.

**{¶10}** A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 2020-Ohio-1502, ¶ 8 (8th Dist.), citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). To prevail on a petition for

postconviction relief, a defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21. A petition for postconviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is outside the record of the petitioner's criminal conviction. *State v. Brown*, 2025-Ohio-274, ¶ 37 (8th Dist.).

{¶11} "The most significant restriction on Ohio's statutory procedure for postconviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." (Internal quotations and citation omitted.) *Lenard*, 2020-Ohio-1502, at ¶ 10. "Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal* from that judgment." (Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967). If an issue has or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *Id.*

{¶12} Appellant submits his petition for post-conviction relief presented "legal arguments [that] include violations of Fourth Amendment rights due to alleged issues with the execution and basis of the search warrant, reliance on unreliable sources and inadequate investigation, misrepresentation of facts and witnesses, ineffective assistance of counsel, and improper admission of evidence." Brief of Appellant at p. 9. The claims Appellant raised in his petition for post-conviction relief are identical to the claims he raised in his motion to suppress, to wit: the search warrant was issued without sufficient

probable cause and the search warrant affidavit included false information, as well as in his direct appeal.

{¶13}  Appellant suggests the affidavits of Joe Ward, Miranda William, Paul Kelly, and Jarrod Kelly, which he presented in support of his brief in opposition to the State's motion to dismiss, focus on "significant factual disputes" and "present a compelling counter-narrative to the facts assumed by the prosecution and underscore material inconsistencies and inaccuracies within the evidence used to convict [him]." Brief of Appellant at p. 9.  In essence, Appellant is offering new evidence to further support a previously raised claim or issue. The identities of these affiants were known to Appellant prior to trial and Appellant had the opportunity to call any or all of them as witnesses at the suppression hearing and/or trial. Appellant failed to do so.  We find any claims based upon the statements of these individuals have already been decided in Appellant's direct appeal and are barred by the doctrine of res judicata.  The doctrine of res judicata precludes "a defendant who has had his day in court from seeking a second on that same issue."  *State v. Saxon*, 2006-Ohio-1245, ¶ 18.

{¶14}  Appellant further contends because his petition for post-conviction relief and his brief in opposition to the State's motion dismiss were supported with evidence dehors the record, and such evidence "in itself, being outside the record, should defeat a claim of res judicata." Brief of Appellant, p. 10.  We disagree.

{¶15}  "[T]he presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata." (Citation omitted.) *State v. Cook*, 2022-Ohio-97, ¶ 14 (3rd Dist.). However, "[t]o overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed

the constitutional claim based upon information in the original record." *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist. 1995). "This means that the evidence relied upon must not be evidence which was in existence or available for use at the time of trial or direct appeal, and * * * cannot be merely cumulative of the evidence already presented." (Internal quotations and citations omitted.) *Cook*, at ¶ 14. "[S]imply providing evidence dehors the record does not automatically entitle a petitioner to the requested relief or even a hearing." *Id.* "Evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat [res judicata] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." (Internal quotations and citations omitted.) *Id.*

{¶16} Because the information was in existence and available for use at the time of trial and direct appeal, Appellant's evidence dehors the record does not overcome the bar of res judicata. *Id.* Appellant has failed to present alternative arguments to explain why res judicata would not apply.

{¶17} Appellant further argues the affidavits he submitted in support of his petition for post-conviction relief and brief in opposition to the State's motion to dismiss highlight discrepancies with the evidence presented by the State; therefore, genuine issues of material fact remain, which warrant a discovery period and an evidentiary hearing. We disagree. The questions of whether there was probable cause for the issuance of the search warrant and whether the affidavit in support contained truthful and verifiable information were thoroughly examined and answered by the trial court and this Court.

{¶18} Appellant concludes the trial court's denial of his post-conviction relief petition violated his Sixth Amendment right to be represented by effective counsel. We note Appellant did not develop his claim of ineffective assistance and this Court will not construct such on his behalf. *State v. Fields*, 2009-Ohio-6921, ¶ 7 (12th Dist.). "This court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based as required by App.R. 16(A)." *State v. Powers*, 2021-Ohio-4357, ¶ 24 (12th Dist.), citing App.R. 12(A).

{¶19} Based upon the foregoing, Appellant's sole assignment of error is overruled.

{¶20} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.
Hess, J.
Smith, J. concur