[Cite as *State v. Perenkovich*, 2026-Ohio-1344.]

IN THE FIFTH DISTRICT COURT OF APPEALS
STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025CA00108 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023CR2195 |
| NICOLE PERENKOVICH | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 7, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** Kyle L. Stone, Stark County Prosecuting Attorney, Kameisha J. Johnson, Assistant Prosecuting Attorney, Appellate Division, for Plaintiff-Appellee; Mary Catherine Corrigan, for Defendant-Appellant.

*Hoffman, J.*

{¶1}  Defendant-appellant Nicole Perenkovich appeals the judgment entered by the Stark County Common Pleas Court dismissing her petition for post-conviction relief without a hearing.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  Appellant's probation officer paid a visit to her home on September 18, 2023.  Appellant was on probation as a result of 2019 convictions of aggravated trafficking in drugs and aggravated possession of drugs.  During the visit, the probation officer asked Appellant if she had used any illegal narcotics.  Appellant admitted to using

methamphetamine, and she confessed she had a pipe in her purse. Because her admitted use of methamphetamine was in violation of the conditions of her probation, a search of her residence was triggered. The officer radioed to other officers for assistance. When asked by the officers if anyone else was staying there, Appellant responded no. Tr. (I) 220.

{¶3} During the search of Appellant's bedroom, police found a digital scale with trace amounts of a crystal-like substance consistent with methamphetamine. They also found a cellphone in the living room. After searching the home, officers searched the car in which Appellant arrived. They found a bag containing two baggies of what was ultimately confirmed to be 231 grams of methamphetamine, roughly 77 times the bulk amount of 3 grams, the amount defined by statute as indicative of more than an amount for personal use.

{¶4} Officer Jordan Shank transported Appellant to the jail. Appellant asked to make a phone call. The officer heard Appellant say to the person on the phone, "Yeah, they found it," and, "Yeah, in my Malibu." Tr. (I)179-180. In a recording of a subsequent phone call from jail, Appellant stated she told her probation officer she needed rehab, admitted to ownership of the methamphetamine, and said she gives it to people, "like friends and stuff for cutting grass and stuff." Tr. (I) 180-181. In another recorded call, Appellant discussed multiple cellphones, and instructed an individual to delete and erase phones and lock up accounts.

{¶5} Upon review of a cellphone found during the search, officers found messages from Appellant directing the recipient as to where they should leave the drugs in her vehicle, and how to secure the vehicle after making the drop. She indicated this arrangement was preferable to hand-to-hand drug transactions or to in-person dealing.

{¶6} Appellant was indicted by the Stark County Grand Jury with one count of aggravated trafficking in drugs and aggravated possession of drugs. The case proceeded to jury trial in the Stark County Common Pleas Court.

{¶7} Diedre Patterson, Appellant's mother, testified at trial. She testified like Appellant, her daughter Cecelia also had issues with drug use. She testified both Appellant and Cecelia had access to the Chevy Malibu in September of 2023, during which time Patterson was the registered owner of the vehicle. She testified Cecelia was living with Appellant at the time the drugs were found. On cross-examination, Patterson admitted she never contacted either the police or the FBI with any of the information she testified to at trial. She testified she had not spoken to Cecelia since the search leading to the charges against Appellant, and did not know where Cecelia was at the time of trial.

{¶8} Appellant testified her sister Cecelia lived with her in September of 2023. Appellant stated although she was driving the Chevy Malibu on September 18, she had not previously used it that weekend. Appellant testified she told officers the drugs belonged to Cecelia or to Cecelia's boyfriend, and the exhibits introduced by the State did not come from her phone. Appellant admitted the scale and the shards of methamphetamine found on the pipe in her purse were her drugs, but testified she was not selling drugs. She also testified her daughter occupied the second bedroom of the home, and Officer Shank lied when he testified the bedroom was not occupied.

{¶9} The jury found Appellant guilty of both charges, and the trial court convicted Appellant upon the jury's verdict. The trial court sentenced Appellant to a term of incarceration of eight to twelve years. Appellant's conviction and sentence were affirmed by this Court on appeal. *State v. Perenkovich,* 2025-Ohio-521 (5th District).

{¶10} Appellant filed a petition for post-conviction relief in the trial court pursuant to R.C. 2953.21, alleging three grounds for relief: (1) trial counsel was ineffective for failing to subpoena her stepsister Cecelia to testify, (2) trial counsel was ineffective for failing to impeach Officer Swank's testimony he found the second bedroom of Appellant's bedroom to be unoccupied with photographs indicating the bedroom was occupied by Appellant's daughter, and (3) trial counsel was ineffective for failing to impeach Officer Swank with a cellphone bill indicating Appellant called her daughter from the back of the police cruiser. Attached to the petition was an affidavit of Appellant's mother; a photocopy of an unsigned, handwritten note; screenshots of photographs from what appears to be the Snapchat app; and a cell phone call ledger with "[Appellant's Daughter's] cell" and Appellant's cell phone number handwritten at the top. The trial court dismissed the petition without holding an evidentiary hearing. It is from the July 22, 2025, judgment of the trial court Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT ERROR [SIC] BY FAILING TO GRANT THE PETITION FOR POST-CONVICTION RELIEF AS TO CLAIM NUMBER ON [SIC] WITHOUT A HEARING.

II. THE TRIAL COURT ERRED BY FAILING TO GRANT THE PETITION FOR POST-CONVICTION RELIEF AS TO CLAIM NUMBER TWO WITHOUT A HEARING.

III. THE TRIAL COURT ERRED BY FAILING TO GRANT THE PETITION FOR POST-CONVICTION RELIEF AS TO CLAIM NUMBER THREE WITHOUT A HEARING.

## Post-Conviction Relief Standard of Review

{¶11} Each of Appellant's assignments of error alleges the trial court erred in overruling her petition for post-conviction relief, which alleged ineffective assistance of trial counsel, without holding a hearing, and are all therefore governed by the same standard of review.

{¶12} A petition for post-conviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 2020-Ohio-1502, ¶ 8 (8th Dist.), *citing State v. Steffen*, 1994-Ohio-111. To prevail on a petition for post-conviction relief, a defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21. A petition for post-conviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is outside the record of the petitioner's criminal conviction. *State v. Brown*, 2025-Ohio-274, ¶ 37 (8th Dist.).

{¶13} R.C. 2953.21, which governs post-conviction relief, does "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *State v. Gondor*, 2006-Ohio-6679, ¶ 51. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 1999-Ohio-102, paragraph two of the syllabus; *Gondor* at ¶ 51. The decision to deny a petition for post-conviction relief without holding

an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). An abuse of discretion means a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶14} In each of her claims for post-conviction relief, Appellant alleged her trial counsel was ineffective. A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶15} It is pursuant to these standards we review Appellant's three assignments of error.

I.

{¶16} In her first assignment of error, Appellant argues the trial court erred in denying her an evidentiary hearing on her claim trial counsel was ineffective for failing to subpoena her stepsister, Cecelia, to testify at trial. We disagree.

{¶17} Attached to Appellant's petition for post-conviction relief was an affidavit of Appellant's mother, Deidre Patterson. In her affidavit, Patterson averred she received a letter from Cecelia after Appellant was charged in this case. Patterson stated the letter indicated the drugs belonged to Kevin, Cecelia's boyfriend. She averred she gave the letter to Appellant's trial counsel, but Cecelia was not called as a witness even though Appellant

wanted Cecelia to be called to testify. Patterson stated since Appellant was convicted, Cecelia had gotten sober and cut ties with the family. Patterson stated in the past Cecelia told her the drugs belonged to Kevin; however, now Cecelia has refused to admit her part in this matter.

{¶18} A photocopy of a letter is also attached to the petition. Patterson's affidavit does not identify this letter as the letter Patterson claimed she received from Cecelia and gave to trial counsel. In the first line, the letter purports to be from Cecelia, although the letter is not signed at the end, and is not a sworn affidavit from Cecelia. Further, the letter does not state definitively the drugs belonged to Kevin, but rather states it is a possibility the drugs were left in the car by Kevin.

{¶19} We find Appellant has not demonstrated a reasonable probability of a chance in the outcome had counsel called Cecelia to testify. The petition did not include a sworn affidavit from Cecelia stating if called to testify, she would have testified the drugs belonged to Kevin. Patterson's affidavit does not identify the letter attached to the petition as the letter she received from Cecelia. Even assuming arguendo the letter was properly authenticated, the letter states "possibly" Kevin left the drugs in the car, and does not affirmatively state the drugs belonged to Kevin. Both Patterson and Appellant testified at trial that Appellant and Cecelia were both using the car. Appellant testified she told the police the drugs belonged to either Cecelia or Kevin. Appellant has not demonstrated a reasonable probability of a change in the outcome had Cecelia also been called to testify there is a possibility the drugs belong to Kevin. We find Appellant has not demonstrated ineffective assistance of trial counsel for failing to subpoena Cecelia as a witness, and the trial court did not abuse its discretion in denying her an evidentiary hearing on this claim.

{¶20} The first assignment of error is overruled.

II.

{¶21} In her second assignment of error, Appellant argues the trial court erred in denying her an evidentiary hearing on her claim counsel was ineffective for failing to impeach Officer Shank's testimony the second bedroom in Appellant's home was unoccupied with photographs from Snapchat of Appellant's daughter occupying the room. We disagree.

{¶22} In her affidavit, Patterson stated Appellant's daughter had her own room in Appellant's home and would send Patterson Snapchat photos of herself in the room. Photocopies of screenshots of what appear to be Snapchat photos are attached to the petition, but again are not identified in Patterson's affidavit as the photographs she received from Appellant's daughter.

{¶23} Assuming arguendo the photographs were properly authenticated, the photographs do not demonstrate the room was occupied. The photographs are too dark to determine what is depicted, with the exception of several photographs in which a dog is clearly visible. Further, Patterson does not state in her affidavit that she provided these photographs to trial counsel to use as impeachment of Officer Shank's testimony.

{¶24} Even if the photographs were of sufficient quality to demonstrate the second bedroom was occupied, we find no prejudice from counsel's failure to impeach Officer Shank's testimony concerning the occupation of the bedroom. Appellant argues the State was permitted to paint Appellant's home as a "trap house" by virtue of the unoccupied second bedroom. Appellant points to no place in the record where the State argued the home was a trap house, and Officer Shank did not testify he believed the home to be a trap

house.  Rather, he merely testified he did not search the second bedroom because it was unoccupied.

{¶25} We find Appellant did not demonstrate counsel was ineffective, and the trial court did not abuse its discretion in denying her an evidentiary hearing on this issue.

{¶26} The second assignment of error is overruled.

III.

{¶27} In her third assignment of error, Appellant argues the trial court erred in failing to grant her an evidentiary hearing on her claim trial counsel was ineffective for failing to impeach Officer Shank's testimony concerning the phone call Appellant made while he transported her to the jail.  We disagree.

{¶28} In her affidavit, Patterson stated she is the account holder for Appellant's daughter's cellphone.  She stated the cellphone records showed Appellant called her daughter from the back of the cruiser.  Attached to the petition is what appears to be an account of a cellphone, with handwritten notations indicating this account is for Appellant's daughter's phone, and listing Appellant's cellphone number, with an arrow pointing to a call.  Again, Patterson's affidavit does not identify this exhibit, and does not demonstrate counsel was aware of the cellphone bill.

{¶29} The trial court made the following findings regarding the cellphone bill:

Finally, Perenkovich accuses counsel of being ineffective because he did not impeach "Officer Shank's testimony about statements he heard Perenkovich make while he was transporting her to jail."  Perenkovich seems to be making the case that the illegible phone bill would show that Perenkovich made a call to her daughter's cell phone while she was in the

police cruiser.  Shank acknowledged that the individual answering the call was an unknown subject.  Even if counsel had competent evidence to show that she called her daughter's phone number, and even if counsel had been made aware of the evidence, it still could not have been used to impeach Office [sic] Shank's testimony.  Officer Shank could not have contradicted himself because he referred to the person on the other end of the call as an "unknown caller."

**{¶30}** Judgment entry, July 22, 2025, p. 4.

**{¶31}** We agree with the reasoning of the trial court.  Appellant argues the cellphone bill would demonstrate the call was made to Appellant's daughter, and not to "any ancillary drug acquaintances."  Brief of Appellant, p. 13.  However, Officer Shank did not testify the call was made to ancillary drug acquaintances.  The officer testified as to what he heard on the call, which he stated was made to an unknown caller.  We find Appellant has not demonstrated ineffective assistance of counsel, and the trial court did not abuse its discretion in denying Appellant an evidentiary hearing on this claim.

**{¶32}** The third assignment of error is overruled.

{¶33} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.

{¶34} Costs to Appellant.


By: Hoffman, J.

King, P.J. and

Baldwin, J. concur.